UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONNA M. SCOTT,

        Plaintiff,

v.                            Case No. C-1-02-075

THE UNION CENTRAL LIFE
INSURANCE COMPANY,

        Defendant.

## ORDER

This matter is before the Court upon defendant's motion for summary judgment (doc. 17), plaintiff's opposing memorandum (doc. 20), and defendant's reply (doc. 27).

### I. Procedural and factual background

Plaintiff Donna M. Scott brings this action against her former employer, The Union Central Life Insurance Company. Plaintiff brings claims for retaliation under the Age Discrimination in Employment Act (ADEA), 42 U.S.C. § 2000e et seq. (Title VII), and O.R.C. Chapter 4112 [Counts I, II]; gender discrimination in violation of Title VII and O.R.C. Ch. 4112 [Counts III, IV]; age discrimination in violation of the ADEA and O.R.C. § 4112.14 [Counts V, VI]; unequal pay in violation of the Equal Pay Act, 29 U.S.C. § 206, and O.R.C. § 4112.02(A) [Counts VII, VIII]; and violation of the public policy against wrongful discharge [Count IX].

In support of her claims, plaintiff makes the following allegations. Plaintiff, a female, was born on August 21, 1947. She began her employment with defendant in October 1985. For the last seven years of her employment, plaintiff held the position of Senior Annuity Client Service Representative. Throughout her tenure with the company, plaintiff had a good work performance record and her performance evaluations reflect that she was meeting expectations. Despite her expertise, plaintiff was compensated at a lower rate of pay than her younger, male counterparts for performing equal work. Plaintiff was also treated less favorably than younger and/or male employees.

In 1999, plaintiff's supervisor, Becky Deppen, convinced plaintiff to take a position with less responsibility in Payment Processing, telling plaintiff, "You're getting older and tired and need a rest from the rep job." Plaintiff was unhappy in this position and within a few months returned to her job as a client service representative. When plaintiff returned to her client service position under Deppen's supervision, her work was increasingly unfairly scrutinized and criticized by Deppen, which created a hostile work environment.

Plaintiff took a medical leave of absence from December 2000 until February 5, 2001. Upon her return to work, plaintiff was given a disciplinary write-up indicating that service complaints had been made about her and that she had sent inappropriate letters to clients. As part of the disciplinary action, plaintiff was relieved of her duties as a client service representative and assigned to the job of balancing and monitoring errors in the Fund System. The same day she received the write-up, plaintiff advised company Vice-president Rick Pretty and Human Resources Representative Connie Retherford of her concerns regarding the disciplinary write-up and "a consistent pattern of harassment, discrimination, and disparate treatment" from her

supervisor, Becky Deppen. Plaintiff further asked for an opportunity to discuss the situation with Pretty and Retherford.

After plaintiff had made her complaint concerning harassment, discrimination and disparate treatment, defendant retaliated against plaintiff. On or about February 19, 2001, defendant issued a negative performance evaluation which was far less favorable than any plaintiff had previously received. The review stated that plaintiff had failed to meet expectations for the preceding year. On March 6, 2001, plaintiff again in writing expressed her concern regarding her treatment, indicating that she believed it was based on her age and gender rather than any legitimate reason. She asked defendant to investigate the disciplinary action against her and her lowered performance evaluation. Plaintiff also requested a transfer to another division away from Deppen. On April 17, 2001, plaintiff was abruptly terminated by defendant allegedly for poor work performance and dishonesty. Defendant referred to plaintiff's performance and the letters she had sent to clients for which she had already been disciplined as the basis for plaintiff's termination. The only other reason given by defendant for plaintiff's termination was that plaintiff had made false allegations of harassment and discriminatory conduct against her supervisor.

## II. Summary Judgment Standard

Fed. R. Civ. P. 56 allows summary judgment to secure a just and efficient determination of an action. This Court may only grant summary judgment as a matter of law when the moving party has identified, as its basis for the motion, an absence of any genuine issue of material fact. ***Celotex Corp. v. Catrett***, 477 U.S. 317, 327 (1986).

The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing

that there is a genuine issue for trial." ***Anderson v. Liberty Lobby***, 477 U.S. 242, 248 (1986) (quoting ***First Nat'l Bank of Arizona v. Cities Serv. Co.***, 391 U.S. 253 (1968)). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. ***Anderson***, 477 U.S. at 255 (citing ***Adickes v. S.H. Kress & Co.***, 398 U.S. 144, 158 (1970)).

The court is not to weigh the evidence and determine the truth of the matter but is to decide whether there is a genuine issue for trial. ***Anderson***, 477 U.S. at 249. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. ***Id.*** at 249 (citing ***Cities Serv.***, 391 U.S. at 288-289). If the evidence is merely colorable, ***Dombrowski v. Eastland,*** 387 U.S. 82, 84 (1967), or is not significantly probative, ***Cities Serv.***, 391 U.S. at 290, judgment may be granted. ***Anderson***, 477 U.S. at 249.

### III. Applicable law

#### A. Age and gender discrimination

Under the law of this Circuit, the same evidentiary framework applies to discrimination claims brought under Title VII, the ADEA, and Ohio law. ***Allen v. Ethicon, Inc.***, 919 F. Supp. 1093, 1098 (S.D. Ohio 1996)(citing ***Mitchell v. Toledo Hospital,*** 964 F.2d 557, 582 (6th Cir. 1992)). A plaintiff claiming discrimination may establish a prima facie case by introducing either direct or circumstantial evidence. ***McDonnell Douglas Corp v. Green,*** 411 U.S. 792, 802 (1973); ***Manzer v. Diamond Shamrock Chemicals Co.,*** 29 F.3d 1078, 1081 (6th Cir. 1994).

Direct evidence is evidence which "proves the existence of a fact without requiring any inferences." ***Rowan v. Lockheed Martin Energy Systems, Inc.,*** 360 F.3d 544, 548 (6th Cir. 2004)(citations omitted). Plaintiff may establish a prima facie case of discrimination through circumstantial evidence by showing that: 1) she is a member of the protected class; 2) she

4

suffered an adverse employment action; 3) she was qualified for the position lost or not gained; and 4) her position was filled by someone outside of the protected class. *Manzer,* 29 F.3d at 1081 (citing *McDonnell Douglas,* 411 U.S. at 802; *Gagne v. Northwestern National Insurance Co.,* 881 F.2d 309, 313 (6th Cir. 1989)). Where age discrimination is alleged, plaintiff can establish the fourth prong of her prima facie case by showing that she was replaced by a substantially younger individual, even if that individual is within the protected class. *O'Connor v. Consolidated Coin Caterers Corporation,* 517 U.S. 308, 313 (1996); see also *Manzer,* 29 F.3d at 1081 n. 2.

Plaintiff may also establish the fourth prong of a prima facie case by showing that she was treated less favorably than a similarly-situated employee outside of her protected class. *Clayton v. Meijer, Inc.,* 281 F.3d 605, 610 (6th Cir. 2002). In such a case, plaintiff must prove that all relevant aspects of her employment situation were similar to those of the employee with whom she seeks to compare herself. *Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344, 352 (6th Cir. 1998).

In determining whether a plaintiff is qualified for her particular job, the focus should be on the plaintiff's objective qualifications. *Wexler v. White's Furniture, Inc.*, 317 F.3d 564, 575 (6th Cir. 1997)). The plaintiff can carry her prima facie burden by presenting credible evidence that her qualifications are at least equivalent to the minimum objective criteria required for employment in the relevant field. *Id.* at 575-576.

The plaintiff's burden at the prima facie stage of the proceedings is not onerous, but "merely serves to raise a rebuttable presumption of discrimination by 'eliminat[ing] the most common nondiscriminatory reasons for the [employer's treatment of the plaintiff].'" *Cline v. Catholic Diocese*, 206 F.3d 651, 660 (2000)(citing *Hollins v. Atlantic Co.,* 188 F.3d 652, 659 (6th

Cir. 1999)(quoting *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 253-54 (1981)).

The employer is entitled to summary judgment if the plaintiff does not establish a prima facie case. If the plaintiff establishes a prima facie case, the employer can overcome the prima facie case by articulating a legitimate, nondiscriminatory reason for the adverse employment action. *McDonnell Douglas,* 411 U.S. at 802. If the employer carries its burden, the plaintiff must prove by a preponderance of the legal evidence that the reasons offered by the employer were not its true reasons, but were a pretext for discrimination. *Id.* at 804.

The United States Court of Appeals for the Sixth Circuit has categorized different evidentiary bases for three types of pretext showings: 1) Defendant's reasons had no basis in fact; 2) the reasons did not actually motivate the adverse employment decision; or 3) the reasons were insufficient to warrant the decision made. *Manzer,* 29 F.3d at 1084. The first type of showing consists of evidence that the reason offered for the plaintiff's discharge never happened, and the reason is factually false. *Id.* The third showing ordinarily consists of evidence that other employees, particularly those outside the protected class, were not discharged even though they engaged in conduct substantially identical to that which purportedly motivated the plaintiff's discharge. *Id.* If the plaintiff establishes the first or third showing, a permissive inference of discrimination arises. *Id.*

For the second showing, where the plaintiff admits the factual basis underlying the employer's proffered explanation and further admits that such conduct could motivate dismissal, plaintiff must introduce additional evidence of discrimination because the reasons offered by the Defendant are not directly challenged and therefore do not bring about an inference of discrimination. *Id.* Although the Court should refrain from probing an employer's business

judgment, business judgment is not an absolute defense to unlawful discrimination. ***Wexler,*** 317 F.3d at 576. "[T]he reasonableness of an employer's decision may be considered to the extent that such an inquiry sheds light on whether the employer's proffered reason for the employment action was its actual motivation." ***Wexler***, 317 F.3d at 576 (citing ***Smith v. Chrysler Corp.,*** 155 F.3d 799, 807 (6th Cir. 1998). The plaintiff may pursue a claim under this theory by showing that the "asserted business judgment was so ridden with error that Defendant could not honestly have relied upon it." ***Wexler***, 317 F.3d at 576 (quoting ***In re Lewis***, 845 F.2d 23, 633 (6th Cir. 1988)).

### B. Retaliation

To prove a claim of retaliation, plaintiff must demonstrate that (1) she engaged in protected activity; (2) the exercise of her civil rights was known by defendant; (3) defendant thereafter took adverse employment action; and (4) a causal connection exists between the protected activity and the adverse employment action. ***Walborn v. Erie County Care Facility,*** 150 F.3d 584, 588-89 (6th Cir. 1998)(citing ***Wrenn v. Gould,*** 808 F.2d 493, 500 (6th Cir. 1987)); see also ***Thatcher v. Goodwill Industries of Akron,*** 117 Ohio App.3d 525, 534-35, 690 N.E.2d 1320, 1326 (1997).

To establish a causal connection, plaintiff must produce sufficient evidence from which an inference could be drawn that the adverse action would not have been taken had plaintiff not engaged in protected activity. ***Nguyen v. City of Cleveland,*** 229 F.3d 559, 563 (6th Cir. 2000). Evidence that defendant treated the plaintiff differently from similarly situated employees or that the adverse action was taken shortly after the plaintiff's exercise of protected rights is relevant to causation. ***Id.***

The Sixth Circuit has found that temporal proximity between the protected activity and the adverse action is not, in and of itself, sufficient to establish a causal connection. See , e.g., **Cooper v. City of North Olmstead,** 795 F.2d 1265, 1272 (6th Cir. 1986)). In **Nguyen**, however, the Sixth Circuit indicated that there may be circumstances where temporal proximity alone would be sufficient to support an inference of a causal connection, although the Court noted that such circumstances were lacking in the case before it and gave no indication of what circumstances might suffice. 229 F.3d at 567.

Once plaintiff establishes a prima facie case of retaliation, the burden is on defendant to establish a legitimate reason for the adverse action, which plaintiff may rebut by producing credible evidence of pretext. **Jackson v. Pepsi-Cola, Dr. Pepper Bottling Co.,** 783 F.2d 50, 54 (6th Cir. 1986).

### C. Equal pay

Claims under the Equal Pay Act and its state law counterpart, O.R.C. § 4111.17(A), are resolved under the same standard. See **Creech v. Ohio Cas. Ins. Co.,** 944 F.Supp. 1347, 1353 (S.D. Ohio 1996)(Beckwith, J.). Plaintiff may establish a prima facie case by showing that defendant paid employees of one sex less than employees of the opposite sex "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." **Buntin v. Breathitt County Bd. of Educ.,** 134 F.3d 796, 799 (6th Cir. 1998)(citing **Corning Glass Works v. Brennan,** 417 U.S. 188, 195 (1974)). Jobs need not be identical in order to constitute "equal work". Rather, it is only necessary that there exist "substantial equality of skill, effort, responsibility and working conditions."*Id.* (citing **Odomes v. Nucare, Inc.,** 653 F.2d 246, 250 (6th Cir. 1981)).

If plaintiff establishes a prima facie case, the burden shifts to defendant to show that the pay differential is justified under one of the four affirmative defenses set forth under the Act: "(1) a seniority system; (2) a merit system; (3) a system which measures earnings by quantity or quality of production; or (4) any other factor other than sex." *Id.* (citing *Corning Glass,* 417 U.S. at 196).

### D. Public policy

In *Greeley v. Miami Valley Maintenance Contrs., Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990), the Ohio Supreme Court recognized the tort of wrongful discharge in violation of public policy. The tort requires four elements: (1) a clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element); (2) dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element); (3) the plaintiff's dismissal was motivated by conduct related to the public policy (the causation element); and (4) the employer lacked overriding legitimate business justification for the dismissal (the overriding justification element). *Collins v. Rizkana*, 73 Ohio St.3d 65, 69-70, 652 N.E.2d 653, 657-58 (1995)(citing H. Perritt, The Future of Wrongful Dismissal Claims: Where Does Employer Self Interest Lie? (1989), 58 U.Cin.L.Rev. 397, 398-99).

## IV. Opinion

Upon a careful review of the record, the Court finds that there are genuine issues of fact which preclude granting summary judgment in favor of defendant on each of plaintiff's claims. Plaintiff has come forward with sufficient evidence to establish a prima facie case of age and gender discrimination. It is undisputed that plaintiff was a member of the protected classes at the time her employment was terminated and that she was subjected to an adverse employment action. The evidence shows that plaintiff was qualified for her position. There are disputed issues of fact underlying the determination of whether plaintiff was treated less favorably than similarly-situated younger and/or male individuals so as to support her discrimination claims. There are also issues of fact as to whether defendant retaliated against plaintiff for complaining about alleged discriminatory treatment. Defendant has offered legitimate, nondiscriminatory reasons for the actions it took with respect to plaintiff's employment. Plaintiff has come forward with evidence which raises an issue as to whether the reasons offered by defendant are pretextual. Accordingly, summary judgment on plaintiff's discrimination and retaliation claims is not appropriate.

In light of the Court's determination that there are unresolved issues of fact underlying plaintiff's discrimination claims, summary judgment on plaintiff's public policy claim is not warranted. Moreover, plaintiff has presented sufficient evidence to create a genuine issue of fact as to whether defendant paid plaintiff less than her male counterparts based on her gender. Accordingly, defendant is not entitled to summary judgment on plaintiff's equal pay claims under federal or state law.

## V. Conclusion

In accordance with the foregoing, defendant's motion for summary judgment is **DENIED.** This case will proceed to trial in accordance with the schedule established by the Court. The Court cautions plaintiff that she may not obtain a double recovery on any of her claims under Ohio and federal law and she may be required to elect the law under which she desires to proceed.

**IT IS SO ORDERED.**

S/ Herman J. Weber
HERMAN J. WEBER
SENIOR JUDGE, UNITED STATES DISTRICT COURT

J:\HJWA\02-75msjsxagrtl.wpd