# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| DONNA SCOTT, | : | Case No. C-1-02-075 |
| | : | J. Weber ; Mag.  J. Hogan |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE UNION CENTRAL LIFE | : | |
| INSURANCE COMPANY, | : | **PLAINTIFF'S MOTION IN LIMINE** |
| | : | |
| Defendant. | : | |

Plaintiff Donna Scott hereby moves this Court for an Order to preclude Defendant Union Central from submitting evidence or discussing in *voir dire*, opening statement or closing argument Plaintiff's prior shoplifting convictions.  The convictions are not admissible under any Federal Rule of Evidence, including FRE 609, FRE 608(b), and FRE 403.  Shoplifting is not a crime of "dishonesty or false statement" according to binding Sixth Circuit precedent.  More importantly, Plaintiff's past misdemeanor criminal record has absolutely nothing to do with the issue of whether Defendant retaliated and discriminated against Plaintiff.  Even if her criminal record did have any relevance, the limited value is substantially outweighed by the danger of unfair prejudice under FRE 403.  Plaintiff's Motion in Limine is supported by the attached memorandum.

Respectfully submitted,


/s/ George M. Reul, Jr.
George M. Reul, Jr., Esq. (#0069992)
Randolph H. Freking, Esq. (#0009158)
Trial Attorneys for Plaintiff
FREKING & BETZ
215 East Ninth Street Fifth Floor
Cincinnati, OH 45202
(513) 721-1975/(513) 721-1975 (fax)
greul@frekingandbetz.com

<u>**MEMORANDUM IN SUPPORT**</u>

The fact that Plaintiff was convicted of shoplifting in 1987 and 1993 is completely irrelevant to the issue of whether Defendant retaliated or discriminated against Plaintiff. The only possible relevance of this evidence would be if Defendant offered the convictions for the purpose of attacking Plaintiff's credibility as a witness under FRE 609. However, Plaintiff's shoplifting convictions are not admissible under 609 because the Sixth Circuit and other courts have held that shoplifting does not fall into the category of a crime involving "dishonesty or false statement." <u>McHenry v. Chadwick</u>, 896 F.2d 184, 188-189 (6th Cir. 1990). Moreover, because the 6th Circuit has held that shoplifting does not involve dishonesty, Defendant must not be allowed to circumvent 609 by trying to backdoor this evidence through 608(b). FRE 609 was created for the specific purpose of determining the admissibility of convictions. Even if this Court was not inclined to follow Sixth Circuit authority, the danger of unfair prejudice to Plaintiff far outweighs any limited probative value.

I.    **Plaintiff's Shoplifting Convictions From 1987 And 1993 Must Be Excluded Because They Were Not Crimes Punishable By Death Or Imprisonment In Excess Of One Year, They Occurred Over 10 Years Ago And They Were Not Crimes Of Dishonesty.**

Pursuant to FRE 609, past criminal convictions can only be offered into evidence for the purpose of attacking the credibility of a witness under a very specific set of circumstances. For example, the conviction might be admissible "if the crime was punishable by death or imprisonment in excess of one year." Fed. R. Evid. 609 (2004). If the conviction involves dishonesty or false statement it may be admissible regardless of the possible punishment. FRE 609(a)(2). However, even convictions that involve dishonesty or false are almost always

excluded if "a period of time more than ten years has elapsed since the date of the conviction or

of the release of the witness from the confinement imposed for that conviction..." Id.[1]

    None of these specific rules allowing the admissibility of a conviction apply in this case.

Under established Sixth Circuit authority shoplifting is **not** a crime of dishonesty. McHenry, 896

F.2d at 188-189; See also, U.S. v. Rattigan, 1993 U.S. App. LEXIS 13181, *10-12 (6th Cir.

1993)[2]; U.S. v. Zoeller, 767 F.2d 922, 1985 U.S. App. LEXIS 14300, **13, fn3. As the

Conference Committee Notes to Rule 609 make clear, the phrase "dishonesty and false

statement" means crimes such as perjury, subornation of perjury or false statement, but not

shoplifting. Fed. R. Evid. 609. Many other circuits also agree that a misdemeanor like

shoplifting is not a crime of dishonesty that would allow admission of the conviction. See

United States v. Hayes, 553 F.2d 824, 827 (2nd Cir. 1977); Government of Virgin Islands v.

Toto, 529 F.2d 278, 281 (3rd Cir. 1977); contra United States v. Bianco, 419 F.Supp. 507

(E.D.Pa. 1976), aff'd 547 F.2d 1164 (3 Cir. 1977); United States v. Ashley, 569 F.2d 975 (5th

---

[1]"It is intended the convictions over 10 years old will be admitted very rarely and only in exceptional circumstances. The rules provide that the decision be supported by specific facts and circumstances thus requiring the court to make specific findings on the record as to the particular facts and circumstances it has considered in determining that the probative value of the conviction substantially outweighs its prejudicial impact." FRE 609(b) Advisory Committee Notes 1974 Enactment; Senate Report No. 93-1277.

[2]"Under Rule 609(a)(2), 'evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.' Fed. R. Evid. 609(a). According to the Advisory Committee notes, crimes that involve 'dishonesty or false statement' include perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretenses, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.

    Fed. R. Evid. 609 Advisory Committee's note; see McHenry, 896 F.2d at 188. Surprising as it may be, federal courts, including this Court, have been unwilling to conclude that offenses such as petty larceny, shoplifting, or robbery are crimes of 'dishonesty or false statement.' See McHenry, 896 F.2d at 188; United States v. Scisney, 885 F.2d 325, 326 (6th Cir. 1989); see also McCormick's on Evidence §§ 43 (Edward W. Clearly, et al. eds.) (3d Ed. Supp. 1987). Unless the particular conviction rests upon facts that involve 'some element of active misrepresentation,' the prior misdemeanor conviction should not be admitted to impeach credibility. See McCormick's on Evidence §§ 43 (Supp. 1987)."

Cir. 1978); United States v. Carden, 529 F.2d 443, 446 (5th Cir. 1976); United States v. Entrekin, 624 F.2d 597, 598 (5th Cir. 1980); United States v. Ortega, 561 F.2d 803, 805 (9th Cir. 1977); United States v. Thompson, 559 F.2d 552, 554 (9th Cir. 1977); United States v. Seamster, 568 F.2d 188 (10th Cir. 1979); United States v. Smith, 179 U.S.App.D.C. 162, 176, 551 F.2d 348, 362 (1976); United States v. Millings, 175 U.S.App.D.C. 293, 535 F.2d 121 (1976).

In U.S. v. Ashley, the 5th Circuit Court of Appeals held that evidence of prosecution witness' shoplifting conviction was not admissible for impeachment purposes. United States v. Ashley, 569 F.2d 975 at 978. The court noted, "...[w]e may safely assume that shoplifting is not a crime punishable by death or by imprisonment in excess of one year, therefore [Federal Rule 609] does not apply." *Id.* The 5th Circuit again ruled in United States v. Entrekin, "the district court properly excluded evidence of the witness' prior conviction for shoplifting because the crime neither was punishable by death or imprisonment in excess of one year nor involved dishonesty or false statement within the meaning of Fed. R. Evid. 609(a)(2)." United States v. Entrekin, 624 F.2d 597 at 598.

Plaintiff convictions must also be excluded from evidence because they happened in 1987 and 1993, over 10 years ago.[3] Further, her convictions were misdemeanors that do not involve the possibility of a death sentence or imprisonment in excess of one year. Therefore, Plaintiff's shoplifting cannot be admitted into evidence to attack her credibility. Accordingly, the motion to exclude any and all references to these dated convictions should be granted.

---

[3]Defendant has also failed to provide written notice of an intent to use these old convictions as required under FRE 609(b).

**II.    Defendant Must Be Prohibited From Attempting To Circumvent The Clear Rules Of FRE 609 By Attempting To *Backdoor* This Highly Prejudicial Evidence Under 608.**

The Advisory Committee notes to FRE 608 make it clear that 609 was intended to specifically address the admissibility of criminal convictions. <u>See</u> FRE 608, 1972 Proposed Rules; Note to Subdivision (b).  However, because 609 clearly shuts the door on the admission of Plaintiff's convictions, it is anticipated that Defendant will attempt to argue the admissibility of this highly prejudicial evidence under 608(b).

Federal Rule of Evidence 608 states "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness...may not be proved by extrinsic evidence."  Fed. R. Evid. 608 (2004).  Rule 608 does give the court discretion to decide whether or not specific instances of conduct should be allowed into the cross examination of a witness in order to prove the truthfulness or untruthfulness of his or her character:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of a crime as provided in rule 609, may not be proved by extrinsic evidence.  They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

FRE 608(b).

-4-

The Advisory Committee Note further explains Rule 608(b):

> Effective cross examination demands that some allowance be made for going into matters of this kind, but the possibilities of abuse are substantial. The overriding protection of [Federal Rule of Evidence] 403 requires that probative value not be outweighed by danger of unfair prejudice, confusion of issues, or misleading the jury, and that of Rule 611 bars harassment and undue embarrassment.

1972 Proposed Rules, Note to Subdivision (b).

In this case, the fact that the Sixth Circuit has consistently held that shoplifting is not a crime of dishonesty strongly supports Plaintiff's Motion asking this Court to preclude Defendant from introducing this evidence, even if Defendant does not intend to use extrinsic evidence. Under Sixth Circuit authority shoplifting is not a crime of dishonesty, therefore it is not probative of truthfulness or untruthfulness. Even assuming, *arguendo*, that this Court believed this evidence was probative, the remoteness in time of the convictions also requires that it be excluded. The fact that the instances of conduct at issue occurred more than 10 years ago greatly diminishes any probative value under 608(b) also. See e.g. Carter v. Bell, 218 F3d 581, 602 (6th Cir. 2000)(ruling that multiple disciplinary actions 17 years prior to the current case was "too remote in time to be of any probative value regarding [the witnesses'] credibility today."); U.S. v. Altshuler, 28 F.3d 108 (9thCir. 1994) (unpublished opinion at 1994 U.S. App. LEXIS 25088, **3)(finding that admitting evidence that a witness provided a false name to authorities was in error, in part, because the conduct occurred more than 10 years ago).

The final, but no less important, basis for granting Plaintiff's Motion is provided in FRE 403. Any limited relevance her more than 10-year old shoplifting convictions might have towards Plaintiff's credibility is far outweighed by the substantial danger of unfair prejudice. As

-5-

the Court is well aware, Defendant is asserting that it discharged Plaintiff because of a "pattern of dishonesty and untruthfulness." <u>See</u> Jt. Final PT at V.A.2.(9).  However, it is undisputed that the record contains absolutely no evidence that these old misdemeanor convictions had anything at all to do with Defendant's alleged reasons for firing Plaintiff.  Rather, any mention of shoplifting or a criminal record is a highly prejudicial attempt by Defendant to poison the jury against Plaintiff.

For example, in its Motion for Summary Judgment on the first page of the facts section, Defendant attempts to introduce the shoplifting convictions allegedly because Plaintiff spoke with John Jacobs about a concern that it might affect her ability to get an NASD license.  (Def. MSJ. p. 3).  The entire paragraph is a *non sequitur*.  It has no real relationship to any of the evidence Defendant presents in defense of Plaintiff's claims.  Rather, Defendant's attempt to get this highly prejudicial evidence in front of the Court at summary judgment illustrates why an Order from the Court is necessary.  Plaintiff did get the NASD license.  Her shoplifting has nothing to do with this case and why Defendant alleges it fired her.  That Plaintiff spoke to Jacobs only demonstrates that she did not attempt to hide these past mistakes from Defendant. Additionally, John Jacobs (who is on Defendant's witness list) admitted that he had no idea what it was in Plaintiff's background that she feared might disqualify her from the license.  (Jacobs Dep. at 16-19) (attached).

Defendant must not be allowed to circumvent FRE 608 and 609, by having John Jacobs or any witness testify that Plaintiff came to them concerned that she might not get a license because of shoplifting or some unspecified criminal past.  That evidence simply is not relevant to whether

she was retaliated or discriminated against.  It should be excluded under 403, 608, and 609.

### III.    <u>Conclusion</u>

For each and all the foregoing reasons, Plaintiff respectfully requests that this Court grant her Motion in Limine and issue an Order preventing Defendant from any mention of shoplifting or a criminal background for Plaintiff.  Sixth Circuit authority makes it clear that shoplifting is not a crime of dishonesty that would allow for admission under 609 or to impeach Plaintiff's credibility under 608(b).  Moreover, any possible probative value that these misdemeanors which occurred more than a decade ago is clearly outweighed by the danger of unfair prejudice under 403.  Finally, this Order is necessary to protect against an attempt to backdoor this evidence through generalized testimony about a license that Plaintiff did obtain.  This is not a shoplifting case.  As with any case, credibility is an issue.  However, Defendant must be required to follow the rules of evidence and binding Sixth Circuit precedent.

Respectfully submitted,


_____/s/ George M. Reul, Jr._____
George M. Reul, Jr., Esq. (#0069992)
Randolph H. Freking, Esq. (#0009158)
Trial Attorneys for Plaintiff
FREKING & BETZ
215 East Ninth Street Fifth Floor
Cincinnati, OH  45202
(513) 721-1975/(513) 651-2570 (fax)
greul@frekingandbetz.com

-7-

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2004, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system.  Parties may access this filing through the Court's System.

/s/ George M. Reul, Jr.