UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |
|---|---|
| DONNA SCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNION CENTRAL LIFE INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No. C-1-02-075<br><br>Judge Weber<br><br>**DEFENDANT'S MOTION *IN LIMINE* TO BAR: (1) THE TRIAL TESTIMONY OF PLAINTIFF'S EXPERT WITNESSES DR. WENKER AND DR. SCHEIDLER; AND (2) THE MEDICAL RECORDS OF DRS. WENKER AND SCHEIDLER, SUBMITTED AS PLAINTIFF'S EXHIBITS 35 AND 36** |

      Defendant, The Union Central Life Insurance Company, moves for an Order barring Plaintiff from: (1) permitting her two proposed expert witnesses, Dr. Wenker and Dr. Scheidler, from testifying at trial; and (2) introducing into evidence, at trial, the medical records of Drs. Wenker or Scheidler, which have been marked as Plaintiff's Exhibits 35 and 36. Such evidence merits striking because Plaintiff never identified any expert witnesses in this case, and because Plaintiff advised the Court, in the Joint Final Pretrial Order, that she would not have expert witnesses at trial. *See* Joint Final Pretrial Order (doc. 34) at §V(D) ("Expert Witnesses"). At this late date -- after Plaintiff's expert witness disclosure deadline of October 15, 2002 has long since passed (*see* doc. 5 at 1), after discovery has closed, after Defendant's summary judgment motion has been decided by Judge Weber, and now that trial is less than one week away -- it would be unfair and prejudicial to Union Central to allow Plaintiff to have expert witnesses testify who were never identified by Plaintiff or offered for deposition.

      A memorandum of law in support of this motion follows.

**MEMORANDUM OF LAW**

I.     **ARGUMENT**

       A.     **Equity and Fairness Demand That Plaintiff be Barred from Using Dr. Wenker and Scheidler As Trial Experts Because Plaintiff Failed to Identify Such Experts Prior to the Expert Witness Disclosure Deadline, She Failed to Provide Defendant With An Opportunity to Depose Either Doctor, and She Advised the Court - in the Joint Final Pretrial Order - That No Expert Witnesses Would Testify at Trial**

       Plaintiff never identified any expert witnesses in this case. Accordingly, Union Central was never given the opportunity to review documents prepared by such experts, or to depose them. In fact, Plaintiff advised the Court - in the Joint Final Pretrial Order filed on July 6, 2004 (doc. 34) - that she would not be using any expert witnesses at the trial of this case. *See* Joint Final Pretrial Order, §V(D) ("Expert Witnesses"). Now, less than one week before trial, Plaintiff has identified for the first time two expert witnesses she seeks to have testify: Dr. Nancy Wenker, a psychologist; and Dr. Earl Scheidler, a family practice physician. To that end, Plaintiff has submitted, for the jury's consideration at trial, medical records from both Dr. Wenker and Dr. Scheidler. *See* Plaintiff's Exhibits 35 and 36.

       Without question, Plaintiff has waited far too long to made such disclosures. At this late date -- less than one week before trial -- the expert witness disclosure deadline has long since passed, discovery has closed, and summary judgment has been decided by Judge Weber. The prejudice to Union Central, of having these two expert witnesses testify, would be enormous. Without having been given an opportunity to obtain discovery from these experts, or review an expert's report from either of them, Union Central would have no reasonable opportunity to rebut their testimony, as the Federal Rules of Civil Procedure allow. *See*, *e.g.,* Fed. R. Civ. P. 26(a)(2)(A) (providing for the timely disclosure of all experts). The prejudice to Union Central would be particularly egregious in light of the fact that, in early July -- six weeks ago -- Plaintiff

advised the Court, in the Joint Final Pretrial Order, that no expert witnesses would testify in this case. The principles of equity and fairness thus dictate that Plaintiff Exhibits 35 and 36 both be stricken from the record, and that Drs. Wenker and Scheidler be barred from testifying as experts at trial.

>B. **Assuming, *Arguendo*, That Plaintiff Seeks to Have Drs. Wenker and Scheidler Testify as Lay Witnesses Instead of Expert Witnesses, Plaintiff Cannot So Act Because Both Doctors Hold Opinions Which Are Based on "scientific, technical or other specialized knowledge," *see* Fed. R. Evid. 701(c), and Both Doctors Are Thus Expert Witnesses Under Rule 702**

Assuming, *arguendo,* that Plaintiff will attempt to argue that Drs. Wenker and Scheidler should somehow be permitted to testify as lay witnesses (under Fed. R. Evid. 701) instead of expert witnesses (under Fed. R. Evid. 702), that argument must fail.

Federal Rule of Evidence 701 -- the Rule that defines "lay witness" testimony -- provides that a lay witness cannot offer an opinion at trial if that opinion is based on "scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). Such is the case here. The trial testimony by Dr. Wenker will concern, as Plaintiff Exhibit 35 reveals, the doctor's expert medical opinion of Plaintiff's mental state. Dr. Scheidler's trial testimony will likewise concern, as Plaintiff's Exhibit 36 reveals, his expert medical opinion of Plaintiff's mental state. Both of these expert opinions are, without question, based on 'scientific, technical or other specialized knowledge' held by the two doctors. Accordingly, neither doctor can testify as a lay witness. *Accord Elswick v. Pikeville United Methodist Hosp. of Ky., Inc.,* No. 01-5611, 2002 U.S. App. LEXIS 22456, at *5 (6th Cir. Oct. 24, 2002) ("The admissibility of medical or other expert testimony in federal court turns on whether the proffered witness is qualified as an expert by knowledge, skill, expertise, training, or education. Fed. R. Evid. 702.").

Dr. Wenker's medical records concern, for example, her expert medical opinion as to whether Plaintiff has symptoms of anxiety or depression. *See* Plaintiff's Exhibit 35, pp. 10-11. Dr. Wenker's medical records also concern her treatment of Plaintiff, and contain copies of her treatment notes. *Id.* at pp. 14-27. Dr. Wenker's records further contain her expert's medical report dated March 5, 2002, and the MMPI test results -- which she used her technical expertise to evaluate -- and upon which she based her medical findings in the March 5th report. *Id.* at pp. 28-30.

Dr. Scheidler's medical records, likewise, concern his opinion that Plaintiff suffers from anxiety and depression. *See* Plaintiff's Exhibit 36, p. 3. In those records, Dr. Scheidler also opines as to the causation of Plaintiff's mental impairments. Clearly, such findings are expert testimony and based on Dr. Scheidler's medical expertise. *See* Fed. R. Evid. 701(c).

## II. CONCLUSION

For the foregoing reasons, Defendant Union Central respectfully requests that the Court grant its motion *in limine* and therefore: (1) bar Drs. Wenker and Scheidler from testifying at the trial of this case; and (2) bar, from admission into evidence, Plaintiff's Exhibit 35 (Dr. Wenker's findings) and Plaintiff's Exhibit 36 (Dr. Scheidler's findings).

    Respectfully submitted,

    /s/ Michael J. Newman
    Deborah DeLong (0014174)
    Michael J. Newman (0042684)
    Dinsmore & Shohl LLP
    1900 Chemed Center
    255 East Fifth Street
    Cincinnati, OH 45202
    (513) 977-8646 (phone)
    (513) 977-8141 (fax)

    Trial Attorneys for Defendant,
    The Union Central Life Insurance Company

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 18, 2004 a copy of the foregoing was filed electronically and faxed to Plaintiff's counsel, Randolph H. Freking, Esq. and George M. Reul, Jr., Esq. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Michael J. Newman
Deborah DeLong (0014174)
Michael J. Newman (0042684)

1045867v1