IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DONNA M. SCOTT, | : | Case No. C-1-02-075 |
| | : | |
| Plaintiff, | : | Judge Herman J. Weber |
| | : | Magistrate Judge Timothy S. Hogan |
| v. | : | |
| | : | |
| THE UNION CENTRAL LIFE | : | **DEFENDANT'S PROPOSED JURY** |
| INSURANCE COMPANY | : | **INSTRUCTIONS** |
| | : | |
| Defendant. | : | |

Pursuant to Rules 49 and 51 of the Federal Rules of Civil Procedure, Defendant The Union Central Life Insurance Company hereby submits the following Proposed Jury Instructions and Special Verdict Form for review and approval pursuant to the Court's Order. Defendant reserves the right to amend its proposed instructions and verdict form as is necessary to conform to the evidence at trial.

Respectfully submitted,

\_\_/s/ Michael J. Newman_____
Deborah DeLong, Esq. (0014174)
Michael J. Newman, Esq. (0042684)
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth St.
Cincinnati, OH 45202
(513) 977-8200 (Phone)
(513) 977-8141 (Fax)

Attorneys for Defendant, The Union Central Life
Insurance Company

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 16, 2004, a copy of the foregoing was filed electronically and faxed to Plaintiff's counsel, Randolph H. Freking, Esq. and George M. Reul, Jr., Esq. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_    /s/  Michael J. Newman_____
Deborah DeLong, Esq. (0014174)
Michael J. Newman, Esq. (0042684)

INSTRUCTION # 1

## **GENERAL COURT INSTRUCTION**

Members of the Jury:

Now that you have heard the evidence and the arguments, it is my duty to give you the instructions of the Court as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in this case.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict on any view of the law other than that given in your instructions by the Court.  By the same token, it would be a violation of your sworn duty, as judges of the facts, to base a verdict on anything but the evidence in the case.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case.  It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice to any party.  The law does not permit you to be governed by sympathy or prejudice or public opinion.  All parties expect  that you will carefully and impartially consider all of the evidence, follow the law as it is given to you, and reach a just verdict.[1]

---

[1] **AUTHORITY:**  Devitt, Blackmar, and Wolff, Federal Jury Practice and Instructions (Civil), § 71.01 (4th ed. West 1987).

INSTRUCTION # 2

**COURT'S QUESTIONS TO WITNESSES:**

During the course of a trial, I may ask questions of a witness, admonish a witness concerning the manner in which he should respond to questions of counsel, or make comments to the lawyers in order to bring out facts not then fully covered in the testimony.  Do not assume that I hold any opinion on the matters as to which my questions or statements may have related.  Remember at all times that you, as jurors, are at liberty to disregard all questions or statements of the Court in arriving at your own findings as to the facts.[2]

---

[2] **AUTHORITY**:  Devitt, Blackmar, and Wolff, <u>Federal Jury Practice and Instructions (Civil)</u>, § 70.13 (4th ed. West 1987).

INSTRUCTION # 3

## OBJECTIONS BY COUNSEL:

It is the duty of attorneys on each side of a case to object when the other side offers testimony or other evidence which counsel believes is not properly admissible.

When the Court has sustained an objection to a question, you must disregard the questions, and may not speculate as to what the answer of the witness might have been or why the Court ruled as it did.

Allowing testimony or other evidence to be introduced over the objection of counsel does not indicate any opinion by the Court as to the weight or effect of such evidence.[3]

---

[3] **AUTHORITY**:  Devitt, Blackmar, and Wolff, Federal Jury Practice and Instructions (Civil), § 70.01 (4th ed. West 1987).

INSTRUCTION # 4

**<u>PARTIES EQUAL BEFORE THE LAW:</u>**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  An institution is entitled to the same fair trial at your hands as a private individual.[4]

---

[4]  **AUTHORITY**:  Devitt, Blackmar, and Wolff, <u>Federal Jury Practice and Instructions (Civil)</u>, § 71.04 (4th ed. West 1987).

INSTRUCTION # 5

## EVIDENCE:

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; (and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed).

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded. If I instruct you that some item of evidence is received for a limited purpose only, you must follow that instruction.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

Statements and arguments of counsel are not evidence in the case.[5]

---

[5] **AUTHORITY**: Devitt, Blackmar, and Wolff, Federal Jury Practice and Instructions (Civil), § 70.03 (4th ed. West 1987).

INSTRUCTION # 6

**<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE:</u>**

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case.  One is direct evidence -- such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence -- the proof of a set of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.[6]

---

[6] **AUTHORITY**:  Devitt, Blackmar, and Wolff, <u>Federal Jury Practice and Instructions (Civil)</u>, § 72.03 (4th ed. West 1987).

INSTRUCTION # 7

**<u>JURY'S RECOLLECTION CONTROLS:</u>**

If any reference by the Court or by counsel to matters of evidence does not coincide with

your own recollection, it is your recollection which should control during your deliberations.[7]

---

[7] **AUTHORITY**:  Devitt & Blackmar, <u>Federal Jury Practice and Instructions (Civil)</u>, § 71.01 (3rd ed. West 1987).

INSTRUCTION # 8

**IMPARTIAL CONSIDERATION OF EVIDENCE:**

You have been chosen and sworn as jurors in this case to determine the issues of fact presented by the allegations of the complaint of the Plaintiff and the answers of the Defendant to those allegations. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict.[8]

---

[8] **AUTHORITY**: Devitt, Blackmar, and Wolff, Federal Jury Practice and Instructions (Civil), § 71.01 (4th ed. West 1987).

INSTRUCTION # 9

**EACH PARTY ENTITLED TO THE BENEFIT OF ALL EVIDENCE**

There is no significance to be attached to the fact that certain witnesses were called to the witness stand by one party rather than the other. Each party is entitled to the benefit of any evidence tending to establish its contentions, even though such evidence may have come from the other party's witnesses on cross-examination.[9]

---

[9] **AUTHORITY:**

INSTRUCTION # 10

## CREDIBILITY OF WITNESSES

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness's intelligence, motive and state of mind, and demeanor or manner while on the stand.  Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other witnesses or evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause the jury to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.[10]

---

[10] **AUTHORITY**:  Devitt, Blackmar, and Wolff, <u>Federal Jury Practice and Instructions (Civil)</u>, § 73.01 (4th ed. West 1987).

INSTRUCTION # 11

**<u>IMPEACHMENT -- INCONSISTENT STATEMENTS OR CONDUCT</u>**

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is consistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if, done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.[11]

---

[11] **AUTHORITY:**  Devitt, Blackmar, and Wolff, <u>Federal Jury Practice and Instructions (Civil)</u>, § 70.13 (4th ed. West 1987).

INSTRUCTION # 12

**EFFECT OF PRIOR INCONSISTENT STATEMENTS OR CONDUCT**

Evidence that at some other time a witness, not a party to this action, has said or done something which is inconsistent with the witness's testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness but may never be considered as evidence of proof of the truth of the prior inconsistent statement or conduct.

Where, however, the witness is a party to the case, and by such prior statement, or other conduct, admits some fact or facts against his or her interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An action or omission is "knowingly" done, if, done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.[12]

---

[12] **AUTHORITY**:  Devitt, Blackmar, Wolff & O'Malley, Federal Jury Practice and Instructions (Civil), § 73.09 (4th ed. West 1987).

INSTRUCTION # 13

**CHARTS, DIAGRAMS AND SUMMARIES**

As a technique to summarize testimony and evidence the parties may prepare charts, diagrams and summaries of pertinent items. This is an acceptable technique of presenting testimony and evidence. Such charts, diagrams and summaries are not evidence in and of themselves. The materials upon which they are based are evidence.

If the items listed in the charts, diagrams and summaries are not in your opinion accurate or differ from your recollections of the testimony and evidence, you may disregard all or any part of the charts, diagrams and summaries and rely upon your recollection.[13]

---

[13] **AUTHORITY**: Devitt, Blackmar, and Wolff, <u>Federal Jury Practice and Instructions (Civil)</u>, § 72.09 (4th ed. West 1987).

INSTRUCTION # 14

**WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

1. GENERAL.  It is the clear public policy of the State of Ohio that employers shall not terminate an employee for complaining about discrimination, on account of their gender, or on account of their age.

2. EMPLOYEE'S CLAIM.  The plaintiff in this case, Donna Scott, claims that she was terminated in violation of Ohio's public policy set forth in paragraph 1, above.  If you find that plaintiff has proved by the greater weight of the evidence that the policy set forth in paragraph 1 was a determining factor in her discharge, and that her employer, defendant Union Central Life Insurance Company, lacked an overriding business justification for plaintiff's discharge, then you will find for the plaintiff.

3. DETERMINING FACTOR.  "Determining factor" means that the public policy set forth above in paragraph 1 made a difference in Union Central's decision to discharge the plaintiff.  There may be more than one reason for the employer's decision to discharge the employee.  The employee need not prove that the public policy set forth above was the only reason.  It is not a determining factor if the employee would have been discharged regardless of the public policy set forth above.

4. OVERRIDING BUSINESS JUSTIFICATION.  An overriding business justification is more than a sound business reason.  The justification must be essential and necessary to the operation of the business.

**Authority**: O.J.I. 302.17 - Wrongful discharge; public policy tort.

INSTRUCTION # 15

**<u>MISCELLANEOUS</u>**

The exhibits that were accepted into evidence and pertain to the issues before you and a copy of these instructions will go to the jury room with you.   All communication between yourselves and either the Court or the Clerk should be in writing, signed by the foreperson.[14]

---

[14] **AUTHORITY:**

INSTRUCTION # 16

## DISCRIMINATION IN EMPLOYMENT – TITLE VII & ORC §4112

The plaintiff in this case, Donna Scott, claims that Defendant Union Central intentionally discriminated against her. Union Central denies her claim. It is your responsibility to decide whether Donna Scott has proven her claim against Union Central by a preponderance of the evidence.

42 U.S.C. § 2000e-2(a), or Title VII as it is called, provides that:

It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against an individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual . . . sex or national origin

Ohio Revised Code § 4112.02(A) provides that:

It shall be unlawful discriminatory practice . . . For any employer, because of the . . . sex . . .[or] age . . . of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

In order for the Plaintiff, Donna Scott, to recover on her claims against Union Central, Ms. Scott must prove that Union Central intentionally discriminated against her. That is, she must prove that her sex or age were a motivating factor in Union Central's decision terminate her employment.

The mere fact that Ms. Scott is a woman over the age of 40 and was terminated is not sufficient, in and of itself, to establish her claims under the law.

The statute does not require that an employer give special treatment to a person because of that person's sex or age, nor does it prohibit an employer from making employment decisions for reasons other than an individual's sex or age which may appear to you to be contrary to good business judgment. The statute is not a vehicle for reviewing business decisions or personality

conflicts.   An employer has the right to be wrong in handling of employees so long as the employer does not discriminate on the basis of sex or age.

**Authority:**     J. Hogan, Sample Jury Instructions

INSTRUCTION # 17

## <u>TITLE VII'S THREE STAGE BURDEN-SHIFTING ANALYSIS</u>

To prove sex or age discrimination, Ms. Scott must prove each of the following elements by a preponderance of the evidence:

1.     That she is a woman;

2.     That she was qualified for the position;

3.     Tat she was terminated despite her qualifications; and

4.     That there is direct or circumstantial evidence demonstrating that Ms. Scott's sex or age was the motivating factor in Union Central's decision to terminate her employment.  Ms. Scott must present direct, circumstantial or statistical evidence tending to indicate that age or gender was a factor in the termination.

You must decide whether Ms. Scott has proven all the elements of her case, including whether Ms. Scott's sex or age was a determining factor in Union Central's decision to terminate her.

If you decide that Ms. Scott has presented evidence sufficient to establish each of these elements of her case by a preponderance of the evidence, then you next must decide whether Union Central has offered a legitimate business reason for terminating Ms Scott.  In this second stage, Union Central does not have the burden of providing legitimate reason, but must simply "articulate" what that reason was.

Third, if you determine that Union Central has articulated its legitimate reason or reasons for terminating Ms. Scott, you must decide whether Ms. Scott has carried her burden of proving that Union Central's reason was merely a "pretext" for unlawful sex and/or age discrimination. A reason cannot be proved to be a pretext unless it is shown both that the reason was false and that discrimination was the real reason.

**Authority:**     J. Hogan, Sample Jury Instructions

INSTRUCTION # 18

## AGE PROGRESSION AND REPLACEMENT BY YOUNGER EMPLOYEES

Even without any discriminatory intent, dismissed employees will more often than not be replaced by employees younger than they.  This phenomenon occurs because older employees are constantly moving up the employment ladder or our of the labor market, while younger employees move in to the labor market.

Because younger employees often succeed to the positions of older employees for perfectly legitimate reasons, even if you find that Plaintiffs were replaced by a  younger individual, that mere finding does not permit an inference that the replacement was motivated by age discrimination.

INSTRUCTION # 19

**<u>NO OBLIGATION TO TREAT OLDER EMPLOYEES BETTER</u>**

You are instructed that an employer has no obligation to treat an older employee better or in a more favorable fashion than a younger employee. Union Central had no obligation to retain the Plaintiff, Ms. Scott, merely because Plaintiff was older or more senior than other employees.

INSTRUCTION # 20

## **EQUAL PAY AND GENDER**

To prove gender-based discrimination in pay, Ms. Scott must prove that Union Central paid different wages to a male employee for equal work on jobs the performance of which required equal skill, effort, and responsibility, and which are performed under similar conditions. "Equal work" requires substantial equality of skill, effort, responsibility and working conditions. Whether the work of two employees is substantially equal must be resolved by an overall comparison of the work, not its individual segments. Skill includes such consideration as experience, training, education and ability.  Efforts refer to the physical or mental exertion necessary to the performance of a job.  Responsibility concerns the degree of accountability required in performing a job.  This analysis is not dependent on job classifications or titles.

If you decide that Ms. Scott has presented evidence sufficient to establish her claim by a preponderance of the evidence, then you next must decide whether Union Central has established that its reason or reasons for paying a male employee more that Ms. Scott are justified.

**Authority**:     J. Hogan, sample Jury Instructions; case law citations

INSTRUCTION # 21

**RETALIATION-- TITLE VII**

To establish a claim for retaliation, the Plaintiff, Ms. Scott, must prove each of the following four elements:

(1)    she engaged in protected activity;

(2)    the Defendant knew about the activity;

(3)    she was subject to adverse employment actions; and

(4)    a causal connection existed between the protected activity and the adverse employment action.

If Donna Scott can establish each and every one of the above four items, then Union Central must articulate a legitimate, nondiscriminatory reason for discharging her. It is not enough for Donna Scott to show the protected activity and her discharge occurred close in time. She must present evidence as well.

If Union Central can articulate a legitimate, nondiscriminatory reason for discharging her, then the burden of proof switches back to Donna Scott.

Donna Scott must then prove that Union Central's explanation is pretextual and that "but for" her protected activity, she would not have been discharged.

At all times, the burden of persuasion remains on the plaintiff, Donna Scott. She must prove that she was discharged because she complained about unlawful discrimination.[15]

---

[15] **AUTHORITY:** Canitia v. Yellow Freight System, Inc., 903 F.2d 1064, 1066 (6th Cir.), cert. denied, 498 U.S. 984 (1990); Cooper v. City of North Olmsted, 795 F.2d 1265 (6th Cir. 1986).

INSTRUCTION # 22

## SHIFTING BURDEN ANALYSIS

There are three (3) steps that you must complete to render a decision on liability in this case for each of Plaintiff's claims. At all times, you are instructed that that ultimate burden of proving discrimination always rests with the Plaintiff.

**Authority:**    Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 113 (2000);  St. Mary's Honor Center v. Hicks, 509 U.S. 502, 512 (1993); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

INSTRUCTION # 23

**"QUALIFIED"**

To prove she was qualified for her job, the Plaintiff must establish that she possessed the skills to perform her job at a level that met the reasonable expectations of the Defendant. Consequently, the Defendant is entitled to present valid criticism of the Plaintiff's work performance, and the Plaintiff is entitled to present evidence that those criticisms were not valid or that they were not a true measure of her performance. However, just because the Plaintiff believes that she was qualified is not sufficient.

**Authority:**    Cline v. Catholic Diocese of Toledo, 206 F.3d 651 (6th Cir. 2000); McDonald v. Union Camp Corp., 898 F.2d 1155, 1160 (6th Cir. 1990).

INSTRUCTION # 24

## **PLAINTIFF'S BURDEN OF PROOF: DISPARATE TREATMENT CLAIM UNDER TITLE VII**

To prevail on a claim of intentional discrimination, Plaintiff must prove by a preponderance of the evidence that Defendant had a reason or motive to discriminate against her in the matter before this Court.  Plaintiff must prove, either directly or indirectly, that there is evidence of intentional discrimination.  Direct evidence would include oral or written statements showing a discriminatory motivation for the Defendant's termination of Plaintiff.  Indirect or circumstantial evidence would include proof of a set of circumstances that would allow one to reasonably believe that sex or age was a motivating factor in the Defendant's termination of Plaintiff.


**Authority:**   McDonnell Douglas Co. v. Green, 411 U.S. 792 (1973); Brown v. Tennessee, 693 F.2d 600, 603 (6th Cir. 1982).

INSTRUCTION # 25

## <u>DEFENDANT'S BURDEN TO SHOW LEGITIMATE,<br>NON-DISCRIMINATORY REASONS</u>

If you find that the Plaintiff has proven facts which establish each of the elements of her claims, your inquiry and role does not end. If Plaintiff proves each of the elements of her *prima facie* cases by a preponderance of the evidence, as the second step, you must then consider whether the Defendant has presented any legitimate, non-discriminatory reasons for its actions.

The Defendant's burden at this stage of the case is relatively light. It is satisfied if the Defendant merely states any legitimate reasons for the adverse actions. The Defendant need not even prove that the stated reasons actually caused adverse actions. The Defendant also does not have to prove to you that it made the best possible decisions or even that its decisions were correct.

An employer has the right to make business decisions, including the right to terminate an employee for a bad reason, good reason, or no reason at all, absent intentional discrimination. The fact that you may disagree with the Defendant's reasons for its decision concerning Plaintiff's employment is not sufficient reason to disregard them or discredit them. You should not find that the decisions were unlawful just because you may disagree with the stated reasons or because you believe the decision were harsh or unreasonable. Harsh treatment is not unlawful.


**Authority:**    <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 512 (1993); <u>Manzer v. Diamond Shamrock Chemicals</u>, 29 F.3d 1078 (6th Cir. 1994).

INSTRUCTION # 26

## DUTY TO DELIBERATE

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict, you must all agree.  Your deliberations will be secret; you will not have to explain your verdict to anyone.

It is your duty as jurors to confer with one another and to deliberate with a view toward reaching an agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because others think differently or merely to get the case over with.

Remember that you are the judges of the facts in this case.  Your interest is to seek the truth from the evidence in the case.[16]

---

[16] **AUTHORITY:** U.S. 11th Circuit District Judge Association, <u>Pattern Jury Instructions</u> (Civil, Basic Instructions §7.01 (1990 Edition).

INSTRUCTION # 27

## **DAMAGES**

If you find that the Defendant's decisions with respect to the Plaintiff represented acts of unlawful discrimination, you must consider the question of damages. The fact that I will instruct you as to the proper measure of damages does not mean that I am of the opinion that the Plaintiff is or is not entitled to recover any damages in this case. I am expressing no opinion on the subject on way or the other. Instructions as to the measure of damages are given for your guidance in the event that you find in favor of the Plaintiff on one or more of her claims by the preponderance of the evidence in accordance with any other instructions.

The burden of proof is on Ms. Scott to establish all elements of damages. You are not permitted to award speculative damages. Damages must be reasonable. If you find that Ms. Scott is entitled to a verdict, you will award her only such reasonable damages as you find from a preponderance of the evidence in this case that he has sustained as a direct result of Union Central's conduct.

**Authority:**    J. Hogan, Sample Jury Instructions

INSTRUCTION # 27

## <u>DAMAGES MUST HAVE BEEN PROXIMATELY<br>CAUSED BY DEFENDANT</u>

An injury or damage is proximately caused when it appears from the evidence in the case that Union Central's acts played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or proximate cause of Union Central's actions.

Union Central is not responsible for injury to Ms. Scott if the actions were a remote cause and not a proximate cause.  A remote cause is an act which could not have been reasonably foreseen or anticipated as being the natural cause of any injury.

**Authority**:    J. Hogan, Sample Jury Instructions

INSTRUCTION # 28

**<u>BACK PAY DAMAGES</u>**

If you find that the Defendant acted unlawfully, the Plaintiff is entitled to the back pay they would have earned if Defendant had not terminated her employment or caused her separation. This amount consists of wages and employee benefits Plaintiff would have received from the date of their separation to the date of trial.

From any back pay amount you determine is appropriate, you should subtract the total amounts Plaintiff has earned during the same period in wages, earnings or other income and benefits. If the Plaintiff failed to make reasonable efforts to find work, you should subtract any amount Plaintiff could have earned during this period. Any amounts received as unemployment compensation benefits, however, should not be deducted from a back pay award.

You may not award economic damages based simply on speculation, guesswork or sympathy. Any award must fairly compensate the Plaintiff for her injuries but must have a basis in the evidence and be reasonable in the light of that evidence. A party seeking damages must prove the nature, extent, duration and consequences of her injury.

**Authority:**    O'Malley, <u>Federal Jury Practice & Instructions</u>, § 171.91; <u>Johnson v. Railway Express Agency, Inc.</u>, 421 U.S. 454, 460 (1975); J. Hogan, Sample Jury Instructions.

INSTRUCTION # 29

## COMPENSATORY DAMAGES

If you find that the Defendant intentionally discriminated against the Plaintiff on the basis of her sex or age, you may also award compensatory damages for emotional pain, suffering, and mental anguish.   You may award these damages, however, only if you find that these were caused by the Defendant's alleged wrongful conduct.   The damages you award for any pain, suffering or mental anguish that the Plaintiff allegedly experienced should be fair in light of the evidence presented at the trial.   Even if you find that Plaintiff was discriminated against, compensatory damages may not be presumed.   The Plaintiff has the burden of proving alleged compensatory losses by a preponderance of the evidence.   If she does not establish that she experienced emotional pain, suffering, or mental anguish, as a result of the adverse actions, then she cannot recover compensatory damages.

In determining the amount of these damages that you decide to award, you should be guided by dispassionate common sense.   You must use sound discretion in fixing an award or damages, drawing reasonable inferences from the facts in evidence.   You may not award damages based on sympathy, speculation, or guesswork.   On the other hand, the law does not require that the Plaintiff prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

**Authority:**   Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 460 (1975); 42 U.S.C. § 1981; O'Malley, Federal Jury Practice & Instructions, § 171.90.

INSTRUCTION # 30

**MITIGATION OF DAMAGES**

You are also instructed that the Plaintiff has a duty under the law to "mitigate" her economic damages -- that is, she has a responsibility to exercise reasonable efforts to seek and obtain substantially equivalent employment in a related field. The Plaintiff must take reasonable steps to search for employment which is comparable to the job she held. If you find that the Plaintiff failed to seek out, or adequately take advantage of, substantially equivalent opportunities that were available to her, then you must reduce her damages by the amount she reasonably could have earned if she had sought out or taken advantage of such opportunities.

The burden is on the Defendant to prove, by a preponderance of the evidence, that Plaintiff did not make reasonable efforts to continue working or to seek other employment and that there was a chance she might have found comparable employment if she had done so.

If you find that Plaintiff did not make reasonable efforts to seek comparable employment or to remain on the job, then the amount she might have earned must be deducted from any damages awarded to Plaintiff.

If you find that the evidence shows a willful loss of earnings, you may not award back pay. Examples of willful conduct include failure to remain in the labor market, refusal to accept substantially similar employment, failure to diligently search for alternative work, or voluntarily quitting alternative employment without good reason.

**Authority:**    Model Civ. Jury Instr., 8th Cir., § 5.02 (1998); Ford Motor Co. v. E.E.O.C., 458 U.S. 219 (1982); Songster v. United Air Lines, 633 F.2d 864, 867-68 (9th Cir. 1980), cert. denied, 451 U.S. 971 (1981).

INSTRUCTION # 31

## **PUNITIVE DAMAGES**

In addition to the damages mentioned in the other Instructions, the law permits, but does not require, the jury under certain circumstances to award the Plaintiff punitive damages in order to punish the Defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

Moreover, even if you find that the Plaintiff was intentionally discriminated against on the basis of their race, the Plaintiff is not necessarily entitled to punitive damages. If you find that the Defendant made good faith efforts to comply with the law by implementing a program or policy to prevent discrimination, it is not liable for punitive damages.

Even without such a program or policy, punitive damages are available only when Defendant's conduct was motivated by evil motive or intent, or when it involves reckless or callous indifference or disregard and for Plaintiff's protected rights.

Evil motive or malice means an intent to harm, and reckless means serious disregard for the consequences of one's actions. Thus, you cannot award punitive damages unless you find that Defendant acted with an intent to harm Plaintiff or Defendant had serious disregard for the consequences of its actions with respect to Plaintiff's protected rights.

**Authority:**   42 U.S.C. § 1981a(b)(1); Smith v. Wade, 461 U.S. 30 (1983); Model Civ. Jury Instr., 8th Cir., § 5.04 (1998); Kilted v. American Dental Assoc. 27 U.S. 526, 119 Sect. 2118 (1999); Beau ford v. Sisters of Mercy-Province of Detroit, 816 F.2d 1104, 1109 (6th Cir. 1987).

INSTRUCTION # 32

## CALCULATION OF PUNITIVE DAMAGES

You may award an amount of punitive damages which all jurors agree is proper.  In fixing the amount, you should consider the following questions: How offensive was the conduct? What amount is needed to prevent repetition of the Defendant's actions?  Does the amount have a reasonable relationship to the actual damages awarded?  If you do award punitive damages, you should fix the amount using calm discretion and sound reason.  You must not be influenced by sympathy for or dislike of any party or witness in the case.  Also, the punitive damages award must have a reasonable relationship to the actual harm that occurred, if any, as a result of the Defendant's conduct.

Employers, such as Union Central, are not liable for punitive damages based on the wrongful acts of its employees, unless the employer authorized or approved the wrongful acts for which the damages are awarded and was aware of their wrongfulness.  With respect to corporate employers such as Union Central, the authorization or approval must be by an officer, director or managing agent.  A managing agent is a person who has authority to make decisions which will determine corporate policy.  Otherwise, the employer is not liable for punitive damages.

**Authority**:    <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559, 580-581 (1996); O'Malley, <u>Federal Jury Practice & Instructions</u>, § _____ .

INSTRUCTION # 33

**ATTORNEY'S FEES**

A successful Plaintiff under the laws may recover reasonable attorney's fees and costs.

The court will add the fees to any amount which you may award to the Plaintiff. For that reason, I instruct you that, in the event you award damages to the Plaintiff, you should not adjust the award based upon a concern that Plaintiff will be required to use some portion of that award to pay her attorney's fees.


**Authority:**    29 U.S.C. § 626(b) (incorporation by reference 29 U.S.C. § 216(b)); <u>Weir v. Burroughs Corp.</u>, 619 F.2d 276, 283-284 (3d Cir. 1980).

1045082v1