UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DONNA M. SCOTT, | : | Case No. C-1-02-075 |
| | : | Judge Herman J. Weber |
| Plaintiff, | : | |
| | : | |
| v. | : | **PLAINTIFF'S MOTION IN LIMINE** |
| | : | **TO EXCLUDE: (1) EVIDENCE OF** |
| THE UNION CENTRAL LIFE | : | **ANOTHER COURT'S RULING** |
| INSURANCE COMPANY, | : | **OVERTURNING SEVERAL PRIOR** |
| | : | **DECISIONS GRANTING PLAINTIFF** |
| Defendant. | : | **UNEMPLOYMENT COMPENSATION** |
| | | **BENEFITS AND (2) THE TESTIMONY** |
| | | **OR TRANSCRIPT FROM THE** |
| | | **UNEMPLOYMENT HEARING BEING** |
| | | **ADMITTED AS AN EXHIBIT** |

Plaintiff Donna Scott hereby moves this Court for an Order to preclude Defendant Union Central from submitting evidence or discussing in *voir dire*, opening statement or closing argument the Ohio Hamilton County Court of Common Pleas decision reversing all the prior rulings in Plaintiff's favor on her claim for unemployment compensation benefits (Def. ex. F.). Fed. R. Evid. 403 compels exclusion because the danger of unfair prejudice to Plaintiff, confusion of the issues, and/or misleading the jury substantially outweighs any minimal probative value. In addition to this issue, Ohio law precludes the use or admission in another court proceeding of a decision, evidence, or testimony from an unemployment compensation proceeding. O.R.C. § 4141.21; O.R.C. § 4141.281(D)(8); See e.g. Baldwin v. Adidas America, Inc., 2002 U.S.Dist. LEXIS 19626, * 5 (S.D. OH, E.Div.). Therefore, in addition to the state court's ruling being inadmissible, the transcript of testimony from Plaintiff's unemployment hearing (Def. ex. D.) should not be allowed into evidence. Plaintiff's Motion in Limine is supported by the attached memorandum.

Respectfully submitted,


    /s/ George M. Reul, Jr.
George M. Reul, Jr., Esq. (#0069992)
Randolph H. Freking, Esq. (#0009158)
Trial Attorneys for Plaintiff
FREKING & BETZ
215 East Ninth Street Fifth Floor
Cincinnati, OH 45202
(513) 721-1975/(513) 721-1975 (fax)
greul@frekingandbetz.com

<u>**MEMORANDUM IN SUPPORT**</u>

I.    **The State Court's Ruling On Plaintiff's Claim For Unemployment Benefits Should**
<u>**Be Excluded Under 403 Because Its Admission Would Unfairly Prejudice Plaintiff**</u>

The decision as to whether Plaintiff was entitled to unemployment compensation benefits carries very limited probative value in this case. The probative value is limited because Plaintiff did not present the state court with any evidence of gender or age discrimination. While Plaintiff did argue that she was fired after she had complained, no law or argument was presented that her discharge was a case of unlawful retaliation. The Hearing Officer that actually had an opportunity to observe the testimony and judge the credibility of the witnesses, ruled in Plaintiff's favor that she was discharged without just cause. After losing the unemployment hearing, Defendant filed a separate appeal in the Court of Common Pleas. Because Plaintiff initially was awarded benefits, her case was submitted to Common Pleas by the Ohio Attorney General's Office on behalf of the Ohio Department of Job and Family Services. The Attorney General's Office in essence simply argued that the Hearing Officer's decision be affirmed.

More importantly, in addition to the probative value of the decision being limited, this evidence must be excluded under FRE 403 because of the danger of unfair prejudice or confusion of the issues. A letter from a judge, without legal analysis, stating the Plaintiff "made untruthful statements and was discharged for those untruthful statements," is unfairly prejudicial to Plaintiff's case. (Def. ex. F). It would be tempting for the jurors to simply follow the Court of Common Plea's decision. The danger of unfair prejudice is so great that a limiting instruction is not sufficient. Admission is also unfairly prejudicial because the Court of Common Pleas did not decide whether Plaintiff had been discriminated or retaliated against by Defendant. As this Court

is well aware, just cause is a completely different issue than what the jury will be asked to decide. Thus, there is a substantial danger of confusion which supports Plaintiff's Motion to exclude this evidence. The jury are the fact-finders in this case. This Court should not allow them to be influenced by a decision that was based on a different standard, with vastly different rules, evidence, and arguments than will be presented to them. Therefore, Plaintiff's Motion in Limine must be granted.

## II.    Plaintiff's Motion Should Also Be Granted Because Ohio Law Precludes The Use Or Admission Of A Decision, Evidence, Or Testimony From An Unemployment Compensation Proceeding

Plaintiff's Motion in Limine should also be granted because the Court of Common Pleas decision and the transcript of the proceeding are inadmissible under Ohio law.  Baldwin v. Adidas America, Inc., 2002 U.S.Dist. LEXIS 19626, * 5 (S.D. OH, E.Div.) "O.R.C. §§ 4141.21 provides that information furnished in the course of an unemployment compensation proceeding is inadmissable in a court proceeding. . . ." Id.  In addition, O.R.C. §4141.282(D)(8) provides:

> No finding of fact or law, decision, or order of the director, hearing officer, the commission, **or a reviewing court** under this section or 4141.28 of the Revised Code shall be given collateral estoppel or res judicata effect in any separate or subsequent judicial, administrative, or arbitration proceeding, other than a proceeding arising under this chapter.

Id.(emphasis added).  Therefore, under prior case law and Ohio law, Defendant must not be allowed to offer Exhibits D (the transcript of the hearing) and F (the decision of the Court of Common Pleas) into evidence.

Further, because this evidence is not admissible and because the decision is unfairly prejudicial and may confuse the jury, Plaintiff also respectfully asks this Court for an Order which precludes Defendant from mentioning the Ohio court decision on unemployment benefits in *voir dire*, opening statements, or closing arguments.

Respectfully submitted,

/s/ George M. Reul, Jr.
George M. Reul, Jr., Esq. (#0069992)
Randolph H. Freking, Esq. (#0009158)
Trial Attorneys for Plaintiff
FREKING & BETZ
215 East Ninth Street Fifth Floor
Cincinnati, OH 45202
(513) 721-1975/(513) 721-1975 (fax)
greul@frekingandbetz.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2004, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's System.

/s/ George M. Reul, Jr.

3