UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DONNA SCOTT | : | Case No. C-1-02-075 |
| | : | |
| Plaintiff, | : | Judge Weber |
| v. | : | |
| | : | **DEFENDANT'S MOTION *IN LIMINE*** |
| THE UNION CENTRAL LIFE | : | **TO: (1) DEEM ADMISSIBLE** |
| INSURANCE COMPANY | : | **DEFENDANT'S EXHIBIT V (THE** |
| | : | **INVESTIGATION NOTES TAKEN BY** |
| Defendant. | : | **CONNIE RETHERFORD); AND (2)** |
| | : | **PERMIT RETHERFORD TO TESTIFY** |
| | : | **CONCERNING THE SUBSTANCE OF** |
| | : | **HER INTERVIEWS WITH** |
| | : | **PLAINTIFF'S CO-WORKERS** |

Connie Retherford, a Human Resources official employed by Defendant Union Central Life Insurance Company, previously met with Plaintiff and her co-workers, took notes from those meetings, and investigated Plaintiff's claims of discrimination at Union Central. (She found those claims to be baseless.)

Union Central now moves, *in limine,* for an Order deeming Retherford's investigation notes admissible, and permitting Retherford to testify at trial concerning the substance of her interviews with Plaintiff's co-workers. The notes are admissible because they are not being offered into evidence for the truth of the statements contained therein. Instead, the notes will be offered to show that Retherford conducted an investigation into Plaintiff's discrimination claims at the request of Union Central, and Retherford spoke to Plaintiff's co-workers during that investigation. Likewise, Retherford's testimony is being offered to describe what her interviews with the co-workers revealed, not the truth of those co-worker statements. The Sixth Circuit has held that, when investigatory notes are offered into evidence for such limited purposes, and not for the truth of the statements contained in the notes, the notes are not hearsay "at all." *Williams*

*v. General Motors Corp.,* No. 00-3256, 2001 WL 1006288, at *5 (6th Cir. Aug. 24, 2001) (copy attached as Exhibit 1). The Sixth Circuit has likewise permitted an H.R. investigator, like Ms. Retherford, to testify at trial concerning the statements made to the investigator by Plaintiff's co-workers during the course of an investigation. *See id.* at *4.

Defendant's motion is supported by the following memorandum of law.

## MEMORANDUM OF LAW

### I.     ARGUMENT

In response to the complaints of discrimination by its employee Donna Scott, Defendant Union Central asked one of its Human Resources officials, Connie Retherford, to conduct an independent investigation of Plaintiff's claims, in order to determine whether or not Plaintiff's allegations had merit. As part of her investigation, Ms. Retherford interviewed Plaintiff's co-workers. Retherford ultimately determined that Plaintiff's allegations lacked merit, that Plaintiff was not truthful, and that Plaintiff had not been the victim of discrimination. Plaintiff's employment with Union Central was then terminated.

Union Central now seeks, to deem admissible, the notes taken by Retherford during her investigation (Defendant's Exhibit V), and to permit Retherford to testify concerning the substance of the statements which Plaintiff's co-workers made to Retherford during her investigation.

As the Sixth Circuit has made clear, such investigatory notes are *not hearsay* because Union Central is not offering the notes into evidence for the supposed truth of what the co-workers told Ms. Retherford. *Williams, supra,* 2001 WL 1006288, at *5. Instead, the notes are being offered into evidence to show Union Central's course of conduct during its investigation of Plaintiff's claims, and the fact that Retherford spoke to Plaintiff's co-workers about the

2

substance of Plaintiff's clams. So long as Union Central is admitting the notes for those limited purposes, they are not hearsay, in the words of the Sixth Circuit, "at all." *Id.* Likewise, as the Sixth Circuit discussed in *Williams,* the investigator can testify concerning "the content of statements made to [her] in the course of [her] investigation," so long as those co-worker statements are not offered for their truth. *Id.*

*Williams* is directly on point and factually identical to this case. In *Williams*, an employee complained of gender discrimination and retaliation. The employer assigned one of its human resources officials to investigate the merits of the employee's claims, like Union Central did in this case. The official then interviewed the complaining employee's co-workers, as Connie Retherford investigated Plaintiff's co-workers. The Sixth Circuit held that the human resources officer was properly allowed to testify at trial about his interview notes with the co-workers because: (1) the notes were not offered for the truth of what the co-workers told the human resources officer; and (2) the notes were offered into evidence, instead, simply to show the official's "course of conduct," *i.e.,* that the human resources official had, indeed, spoken with and interviewed the co-workers once he learned of the employee's allegations of discrimination. *Williams,* at *5.

As the Sixth Circuit further clarified in *Williams,* any Rule 403 concerns that the Court has about the possible prejudicial value of the investigatory notes or Retherford's testimony may be cured by a limiting instruction to the jury. Such an instruction can remind the jury to consider the notes and Retherford's testimony not for the truth of what the co-workers told Retherford but, instead, as evidence that Retherford received information from the co-workers when she spoke to them during her investigation. *Id.,* at *6.

II.    **<u>CONCLUSION</u>**

Union Central therefore respectfully moves for an Order deeming the Connie Retherford investigation notes (Defendant's Exhibit V) admissible for the limited purposes set forth in this memorandum, and permitting Ms. Retherford to testify concerning the substance of her Human Resources investigation and interview with Plaintiff's co-workers.

Respectfully submitted,


/s/ Michael J. Newman
Deborah DeLong, Esq. (0014174)
Michael J. Newman, Esq. (0042684)
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth St.
Cincinnati, OH 45202
(513) 977-8200 (Phone)
(513) 977-8141 (Fax)

Attorneys for Defendant, The Union Central
Life Insurance Company

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 22, 2004, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

/s/ Michael J. Newman
Michael J. Newman (0042684)

1046927v1