UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DONNA SCOTT, | Civil Action No. C-1-02-075 |
| Plaintiff, | Judge Weber |
| v. | |
| THE UNION CENTRAL LIFE INSURANCE COMPANY, | **DEFENDANT'S MOTION *IN LIMINE* TO BAR PLAINTIFF FROM OFFERING INTO EVIDENCE "ME, TOO" AND "STRAY REMARK" TESTIMONY BY WITNESSES TESTIFYING ON PLAINTIFF'S BEHALF** |
| Defendant. | |

Defendant, The Union Central Life Insurance Company, moves for an Order, under Fed. R. Evid. 402 and 403, barring Plaintiff from offering "me, too" and "stray remark" testimony by the witnesses testifying on Plaintiff's behalf at trial. None of these witnesses are similarly situated to Plaintiff. Such "me, too" evidence -- offered to show that other Union Central employees, besides Plaintiff, were also discriminated against -- should be excluded because (1) such evidence would be irrelevant, and (2) the probative value of such evidence, if any, would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury. "Stray remark" evidence -- in which Plaintiff might use a stray remark by Union Central management to try to prove her discrimination claims -- should likewise be barred on the same grounds. A memorandum of law in support of this motion follows.

## MEMORANDUM OF LAW

In their witness list, Plaintiff has indicated her intention to call several witnesses who worked at Union Central, but whom are not similarly situated to her. Such witnesses, for example, had a different job title than Plaintiff, or had a different supervisor than did Plaintiff. For the reasons set forth below, Defendant respectfully submits that any "me, too" testimony by

such witnesses should be excluded from evidence at trial. "Stray remark" testimony by Union Central managers should likewise be barred because such testimony is irrelevant to the issues before the Court, highly prejudicial, and would mislead the jury.

I.   ARGUMENT

   A.   **The Court Should Bar All "Me, Too" Testimony, Given That Such Testimony is Irrelevant and Does Not Pass Scrutiny Under Rule 403**

First, "me, too" testimony should be precluded because it is irrelevant. Fed. R. Evid. 402. Moreover, inclusion of such highly irrelevant and volatile testimony would unfairly prejudice Union Central and would confuse the real issues before this Court -- whether Plaintiff was discriminated against, as she alleges in her complaint. Fed. R. Evid. 403. Testimony concerning the treatment offered to these other Union Central employees, who were not similarly situated to Plaintiff, is neither relevant to, nor probative of, whether Plaintiff was discriminated against by Union Central. An even greater danger to the conduct of the instant proceedings by the injection of such collateral, unrelated, matters by Plaintiff is that Defendant may then be constrained to bring in its own collateral witnesses to rebut the allegations of Plaintiff's collateral witnesses, with the Court then being in the position of presiding over not one trial, but several time-consuming "mini-trials" over these other alleged comments. The unrelated and extraneous testimony from the above-referenced individuals should be excluded.

The Sixth Circuit has held that it is reversible error to allow testimony about alleged discrimination unrelated to the discriminatory actions occurring to the plaintiff. *Schrand v. Federal Pacific Elec. Co.*, 851 F.2d 152 (6th Cir. 1988). In *Schrand*, the plaintiff offered evidence from "two former sales employees . . . concerning the circumstances surrounding their terminations." *Id.* at 155. Specifically, the plaintiff sought to offer testimony that when those other former employees were terminated, they were told it was, in part, because they were "too

2

old." *Id.* The court found such testimony was both irrelevant and unfairly prejudicial, explaining that:

> First, it was not relevant. [The supervisor] who made the decision to terminate [the plaintiff] was not involved in the decision to terminate either [of the former employees] . . . . [T]here was no evidence from which the alleged statements of the witnesses could logically or reasonably be tied to the decision to terminate [the plaintiff].

*Id.* at 156. The *Schrand* court additionally held that such evidence also should be excluded under Federal Evidence Rule 403, stating that "even if that evidence were relevant, we believe its probative value was substantially outweighed by the danger of unfair prejudice falling from its admission." *Id.* The court further recognized that such testimony would "tend to confuse the issue by focusing the jury's attention on two totally unrelated events." *Id. Accord Williams v. The Nashville Network*, 132 F.3d 1123, 1130 (6th Cir. 1997) (affirming refusal to admit testimony of two black applicants not hired by defendant employer when their applications were reviewed by individuals other than the decision maker because such testimony was irrelevant, unduly prejudicial, and would lead to confusion of issues).

Other courts are in accord with this view. *See Haskell v. Kaman Corp.*, 743 F.2d 113, 120-22 (2nd Cir. 1984) (reversing District Court's admission of witnesses' testimony as to general age comments made by company president in years past unrelated to plaintiff's termination: "None of these statements are relevant to the question of whether [the plaintiff] was terminated on account of his age. Moreover, there is a substantial likelihood that they prejudiced the jury against the Company . . . ."); *Moorhouse v. Boeing Co.*, 501 F.Supp. 390, 392-94 (E.D. Pa.), *aff'd w/o op.*, 639 F.2d 774 (3rd Cir. 1980) (excluding testimony of witnesses as to derogatory age comments in general, and layoffs of other older workers, because such testimony was irrelevant to plaintiff's layoff, unduly prejudicial, confusing, and would have lead to mini-

3

trials of other employees' layoffs); *Franco-Rivera v. FDIC*, 751 F.Supp. 13, 14 (D.P.R. 1990) (granting defendant's motion *in limine* to exclude testimony of other company employees whom plaintiff intended to call to testify about their own complaints of discrimination); *Garrett v. Lujan*, 799 F.Supp. 198, 200 (D.D.C. 1992) ("Stray remarks by persons not involved in the employment decision making process are not material to a finding of discrimination unless those remarks are made to the decision makers and have some input on the selection process."); *Trenthan v. Kmart Corp.*, 806 F.Supp. 692, 704 (E.D. Tenn. 1991) (discriminatory "comments made by a managerial employee not responsible for the decision to terminate a plaintiff's employment cannot be considered in determining whether age was the motivating factor in the decision to terminate."); *Brink v. Union Carbide Corp.*, 41 F.Supp.2d 402, 404 (S.D.N.Y. 1997) (striking affidavit of plaintiff's co-worker who was also terminated but by different decision makers).

      **B.**    **The Court Should Likewise Bar All "Stray Remark" Testimony, Given That Such Testimony is Irrelevant and Does Not Pass Rule 403 Scrutiny**

It is also well established that "stray remarks" cannot prove discrimination when they are unrelated to the particular plaintiff or the challenged employment decision at issue in the litigation. For example, in *Phelps v. Yale Security, Inc.*, 986 F.2d 1020, 1025-26 (6th Cir. 1993), the Sixth Circuit held that comments made by a decisionmaker nearly a year before the challenged termination decision "were made too long before the layoff to have influenced the termination decision," even though the comments were specifically about the plaintiff. Similarly, in *Gagne v. Northwestern National Ins. Co.*, 881 F.2d 309 (6th Cir. 1989), the Sixth Circuit held that a supervisor's derogatory age comment, neither directed at the plaintiff nor connected to his termination, was not evidence of age discrimination. *Id.* at 314-16. *See also Garrett v. Lujan*, 799 F.Supp. 198, 200 (D.D.C. 1992) ("Stray remarks by persons not involved

4

in the employment decision making process are not material to a finding of discrimination unless those remarks are made to the decision makers and have some input on the selection process"); *O'Connor v. DePaul Univ.*, 123 F.3d 665, 671-72 (7th Cir. 1997) (decisionmaker's stray references to older employees as "worthless old f*cker," "miserable old f*cker" and "old bastard" are insufficient to demonstrate pretext); *Reynolds v. Land O' Lakes, Inc.*, 112 F.3d 358, 363 (8th Cir. 1997) (decisionmaker's repeated comments over nine years to plaintiff and other older employees that they were "old farts" insufficient to establish pretext because stale and not related to decision-making process); *Trenthan v. Kmart Corp.*, 806 F.Supp. 692, 704 (E.D. Tenn. 1991) (discriminatory "comments made by a managerial employee not responsible for the decision to terminate a plaintiff's employment cannot be considered in determining whether age was the motivating factor in the decision to terminate.")

In *Cooley v. Carmike Cinemas, Inc.*, 25 F.3d 1325 (6th Cir. 1994), the Sixth Circuit stated that in order for an alleged comment to be admissible as evidence of discrimination, four factors must be weighed: (1) whether the statements were made by a decisionmaker within the scope of his employment; (2) whether the statements were related to the decision-making process; (3) whether the statements were more than merely vague, ambiguous or isolated remarks; and (4) whether the statements were proximate in time to the adverse employment decision. *Id.* at 1330. Applying these factors to the instant case demonstrates that the comments Plaintiff seeks to admit -- by Union Central managers -- clearly do not qualify as admissible evidence of discrimination.

In *Dix v. Siemens Info. Sys., Inc.*, No. 94-1962, 1996 U.S. App. LEXIS 12446 (6th Cir. Apr. 3, 1996), the Sixth Circuit addressed an analogous situation in which the plaintiff alleged that her supervisor had made sexist comments such as the plaintiff did not need to work because

5

her husband had a good job, he (the supervisor) did not need women in sales because he had enough of them at home and they caused enough problems, women should be at home where they belong, female employees were not to become pregnant, and various other offensive and derogatory comments including the words "bitch," "cunt," "lesbo," "bimbo" and "skirt." *Id.* at *5. The Sixth Circuit, though implicitly adopting the plaintiff's contention that such comments evidenced "obvious anti-women animus," affirmed summary judgment for the employer on the ground that the plaintiff had failed to present any evidence that any of the supervisor's business decisions were actually motivated by his "sexist predisposition." *Id.* at *9. *See also Creech v. Ohio Cas. Ins. Co.*, 944 F.Supp. 1347, 1358 (S.D. Ohio 1996) (granting summary judgment for employer on plaintiff's discrimination claims because plaintiff failed to show that alleged sexist comments by plaintiff's supervisor were related to challenged decision-making process) (*citing Cooley*, *supra*); *Randall v. Wilson Sporting Goods Co.*, No. 96-CV-73956-DT, 1998 U.S. Dist. LEXIS 5154 at *25-30 (E.D.Mich. Feb. 24, 1998) ("the mere fact that purportedly age discriminatory comments were made by the plaintiff's supervisor at some point in time is not necessarily evidence of age bias in the decision-making process;" granting summary judgment because plaintiff presented "no evidence whatsoever that establishes a nexus between these stray comments and the disciplinary action taken by [defendant] against him").

## II. CONCLUSION

For the foregoing reasons, Defendant Union Central respectfully requests that the Court grant its motion *in limine* and bar from introduction into evidence any and all "me, too" testimony and "stray remarks" testimony by Plaintiff's witnesses.

Respectfully submitted,

6

/s/ Michael J. Newman
Deborah DeLong (0014174)
Michael J. Newman (0042684)
Dinsmore & Shohl LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
(513) 977-8646 (phone)
(513) 977-8141 (fax)

Trial Attorneys for Defendant,
The Union Central Life Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2004 a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

/s/ Michael J. Newman
Michael J. Newman (0042684)