# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| DONNA SCOTT | : | Case No. C-1-02-075 |
| | : | |
| Plaintiff, | : | Judge Weber |
| | : | |
| v. | : | **DEFENDANT'S HIGHLIGHTED** |
| | : | **RESPONSES TO PLAINTIFF'S** |
| THE UNION CENTRAL LIFE | : | **PROPOSED JURY INSTRUCTIONS** |
| INSURANCE COMPANY | : | |
| | : | |
| Defendant. | : | |

Attached are Defendant Union Central's responses to Plaintiff's Proposed Jury Instructions.

Please note that each of the shaded areas below represents proposed language with which Union Central disagrees. Accordingly, each of the shaded areas represents language which should be highlighted in **red.**

A courtesy copy of these highlighted instructions, with red highlighting, has already been delivered to Judge Weber's chambers.

Respectfully submitted,

/s/Michael J. Newman
Deborah DeLong (0014174)
Michael J. Newman (0042684)
Dinsmore & Shohl LLP
255 East Fifth Street
Suite 1900
Cincinnati, OH 45202
(513) 977-8646 (phone)
(513) 977-8141 (fax)

Trial Attorneys for Defendant
The Union Central Life Insurance Company

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 25, 2004, a copy of the foregoing was filed electronically and faxed to Plaintiff's counsel, Randolph H. Freking and George M. Reul, Jr.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Michael J. Newman
Michael J. Newman (0042684)

# INDEX TO PROPOSED JURY INSTRUCTIONS

Page

STATEMENT OF THE CASE ..................................................................................... 1

BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE ......................... 2

RETALIATION ........................................................................................................... 4

PROTECTED ACTIVITY........................................................................................... 5

CAUSAL CONNECTION............................................................................................ 6

REASONABLE AND GOOD FAITH BELIEF........................................................... 7

DISCRIMINATION - GENERAL................................................................................ 8

GENDER AND AGE DISCRIMINATION ................................................................. 9

PRETEXT - DEFINITION .......................................................................................... 10

EQUAL PAY ACT....................................................................................................... 11

WRONGFUL DISCHARGE - OHIO PUBLIC POLICY ........................................... 12

DAMAGES - BACK PAY AND BENEFITS ............................................................. 13

DAMAGES - FRONT PAY......................................................................................... 14

COMPENSATORY DAMAGES................................................................................. 17

PUNITIVE DAMAGES .............................................................................................. 19

CLEAR AND CONVINCING LEGAL EVIDENCE .................................................. 20

AGE DISCRIMINATION - WILLFUL VIOLATION............................................... 21

SPECIAL VERDICTS................................................................................................. 22

**Proposed Jury Instruction No. 1.**

<u>STATEMENT OF THE CASE</u>

Plaintiff Donna Scott claims that Defendant Union Central Life Insurance Company retaliated and discriminated against her when the company terminated her employment on April 17, 2001. Despite having many consecutive years of satisfactory or better performance reviews since 1985, Defendant terminated Plaintiff a little more than two months after she engaged in protected activity by complaining to Human Resources that her supervisor had discriminated against her on the basis of her gender and age. Defendant claimed that Plaintiff was terminated for alleged dishonesty, including her allegations of discrimination against her supervisor, and alleged poor performance. However, Defendant had already addressed and disciplined her for all the issues it now claimed warranted her termination. The only intervening event was her protected activity.

Plaintiff also alleges that she was terminated because of her gender and age. Younger men doing the same job consistently received better treatment and better pay than Plaintiff and other older females in the same department. Along with her claims of retaliatory and discriminatory discharge, Plaintiff asserts that she was paid less than one or men for doing substantially similar work in violation of the Equal Pay Act.

Defendant denies that it violated any established law with respect to Plaintiff's termination or her employment with Defendant. Rather, Defendant asserts that Plaintiff was terminated because of an ongoing and repeated pattern of lying and being untruthful to Union Central management, and because of her poor job performance.

**Proposed Jury Instruction No. 2.**

## BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

The person who asserts a claim has the burden of proof - - that is, he or she has the obligation to prove the claim by a preponderance of the legal evidence, unless the Court specifically instructs you otherwise.

Preponderance of the legal evidence is the greater weight of the evidence; that is, legal evidence that you believe it outweighs or overbalances in your mind the legal evidence opposed to it and because it is more probable, more persuasive, or of greater probative value.  It is the quality of the legal evidence that must be weighed.  Quality is not necessarily identical with quantity or the greater number of witnesses.

If the weight of the legal evidence is equally balanced or if you are unable to determine which side of an issue has been proved by a preponderance of the legal evidence, the party who has the burden of proof has not established such issue by a preponderance of the legal evidence.

In determining whether any fact in issue has been proved by a preponderance of the legal evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received as legal evidence, regardless of who may have produced them.

This rule of law does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

2

In a civil action such as this, it is proper to find that a party has succeeded in carrying the burden of proof on an issue of fact by a preponderance of the legal evidence if, after consideration of the legal evidence, the jurors believe that what is sought to be proved on that issue is more likely true than not true.

Final Jury Instructions in <u>Kish v. Wal-Mart Stores, Inc.</u>, (S.D. OH, Weber, J. Case No. C-1-97-199)

3

**Proposed Jury Instruction No. 3.**

<u>RETALIATION</u>

Plaintiff claims that Defendant retaliated against her by terminating her employment because she engaged in protected activity by complaining to human resources and management about possible discriminatory treatment by her manager.

It is unlawful for an employer to terminate an employee because she has opposed unlawful employment discrimination.  In order to establish a claim for retaliation for opposing unlawful employment discrimination, Plaintiff must prove:

1)  that she engaged in protected activity;

2)  that Defendant knew she engaged in protected activity;

3)  that she was the subject of an adverse employment action by Defendant at the time or after Plaintiff engaged in the protected activity; and

4)  that a causal link or connection existed between the protected activity and the Defendant's adverse employment action.

Adapted from Final Jury Instructions <u>Readnower v. Ionics, Inc.</u>, C-1-01-654 (Weber, J. December 16, 2003)

4

**Proposed Jury Instruction No. 4.**

<u>PROTECTED ACTIVITY</u>

Protected activity includes complaining about possible discriminatory treatment or conduct.

Defendant objects to this instruction on the additional basis that it is insufficient.

Final Jury Instructions <u>Readnower v. Ionics, Inc.,</u> C-1-01-654 (Weber, J. December 16, 2003)

5

**Proposed Jury Instruction No. 5.**

<u>CAUSAL CONNECTION</u>

In order to establish a causal connection between protected activity and termination of her employment, Plaintiff must prove by a preponderance of the legal evidence that her termination was motivated at least in party by her engagement in protected activity.

Evidence that Defendant treated Plaintiff differently from similarly-situated employees or that the adverse action was taken shortly after Plaintiff's exercise of protected rights is relevant to causation.

The Plaintiff need not prove that the sole purpose of the termination of her employment was because she engaged in protected activity.  It is sufficient for Plaintiff to prove that her engaging in protected activity was a determining factor in the termination of her employment.  ADetermining factor@ means a reason that made a difference in Defendant's decision to terminate Plaintiff's employment.  Retaliation is not a determining factor if Plaintiff would have been terminated without it.

Adapted from Final Jury Instructions <u>Readnower v. Ionics, Inc.</u>, C-1-01-654 (Weber, J. December 16, 2003) and this Court's Order denying summary judgment

6

**Proposed Jury Instruction No. 6.**

<u>REASONABLE AND GOOD FAITH BELIEF</u>

To establish her claim, the Plaintiff need not prove the merits of the underlying discrimination complaint. The Plaintiff need only establish that she had a reasonable and good faith belief that her employer engaged in unlawful employment discrimination.

Final Jury Instructions <u>Readnower v. Ionics, Inc.</u>, C-1-01-654 (Weber, J. December 16, 2003)

7

**Proposed Jury Instruction No. 7.**

<u>DISCRIMINATION - GENERAL</u>

Under state and federal law, an employer may not discriminate against any employee because of that employee's age, when the employee's age is 40 years of age or over. State and federal law also prohibit an employer from discriminating against any employee on the basis of that employee's gender.

Final Jury Instructions in <u>Kish v. Wal-Mart Stores, Inc.</u>, (S.D. OH, Weber, J. Case No. C-1-97-199)

**Proposed Jury Instruction No. 8.**

<u>GENDER AND AGE DISCRIMINATION</u>

Plaintiff also claims that Defendant discriminated against her on the basis of her age and gender by treating her less favorably than other younger and/or male employees and terminating her employment because of her age and gender.  Plaintiff may establish a claim for gender or age discrimination through circumstantial evidence by showing that:  1) she is a member of the protected class, i.e. female and/or over the age of 40; 2) she suffered an adverse employment action; 3) she was qualified for the position lost or not gained; and 4) her position was filled by someone outside of the protected class or by showing that she was treated less favorably than a similarly-situated employee outside of her protected class.

The Court instructs you that elements one and two are not in dispute and have been established.  The Plaintiff's burden in establishing these elements is not onerous, but merely serves to raise a rebuttable presumption of discrimination by eliminating the most common nondiscriminatory reasons for the employer's treatment of the Plaintiff.  If Plaintiff proves the above elements by a preponderance of the legal evidence, Defendant must articulate a legitimate, non-discriminatory reason for Plaintiff's termination and for treating younger and/or male employees better.  If Defendant states such a reason, Plaintiff may then establish discrimination by showing that the reason given by Defendant is only a pretext, that is not the real reason.  You may conclude that Defendant discriminated against Plaintiff based on both her age and gender, one of the two, or neither.

Adapted from this Court's Order denying summary judgment; the Joint Final Pre-Trial Statement

**Proposed Jury Instruction No. 9.**

9

<u>"PRETEXT" - DEFINITION</u>

A "pretext" is a fictitious reason advanced to conceal a real one.

There are different ways Plaintiff can establish "pretext" and have sufficient proof of age discrimination, gender discrimination and/or retaliation.  Plaintiff may show that the discriminatory reason (e.g., age, gender and/or retaliation) actually was the reason for Defendant's actions, notwithstanding the stated reason, or Plaintiff can establish pretext by showing that the stated reason had no basis in fact, did not actually motivate the Defendant's decision, or was insufficient to motivate the decision.

If Plaintiff establishes pretext by a preponderance of the legal evidence, you may conclude that her age, gender and/or protected activity was a determining factor in the decision to terminate her employment or treat her less favorably than younger and/male employees.  If you reject Defendant's stated reason as pretext, you may, but are not required to, infer the ultimate fact of discrimination.

If Plaintiff failed to establish pretext by the preponderance of the legal evidence, you may conclude that her age, gender and/or protected activity was not a determining factor in the decision to terminate her employment or treat her less favorably than younger and/male employees.

Adapted from Final Jury Instructions in <u>Kish v. Wal-Mart Stores, Inc.</u>, (S.D. OH, Weber, J. Case No. C-1-97-199)

10

**Proposed Jury Instruction No. 10.**

## EQUAL PAY ACT

Plaintiff also alleges that during her employment that Defendant unlawfully paid her less than one or more male employees for doing substantially similar work in violation of federal and state law.  Plaintiff may establish a case of pay discrimination by showing that Defendant paid employees of one sex less than employees of the opposite sex for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.  Jobs need not be identical in order to constitute Aequal work.@  Rather, it is only necessary that there exist substantial equality of skill, effort, responsibility and working conditions.

If Plaintiff establishes a that she was paid less than one or more men for "equal work," the burden shifts to Defendant to show that the pay differential is justified under one of four affirmative defenses: (1) a seniority system; (2) a merit system; (3) a system which measures earnings by quantity or quality of production; or (4) any other factor other than sex.

Adapted from this Court's Order denying summary judgment and the Joint Final Pre-Trial Statement.

**Proposed Jury Instruction No. 11.**

## WRONGFUL DISCHARGE - OHIO PUBLIC POLICY

Plaintiff claims that Defendant wrongfully discharged her in violation of clear established public policy.  To establish a public policy claim Plaintiff must demonstrate:

      1.     That clear public policy existed and was manifested in  a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element).

      2.     That dismissing employees under circumstances like those involved with the Plaintiff's would jeopardize the public policy (the jeopardy element).

      3.     That Plaintiff's dismissal was motivated by conduct related to the public policy (the causation element).

      4.     The employer lacked overriding legitimate business justification for the termination (the overriding justification element).  (Emphasis sic.)

The Court instructs you that the first two elements have been established.   The Court further instructs you that it is a violation of Ohio Public Policy to terminate an employee for complaining about discrimination, on account of their gender, or on account of their age. Therefore, if you determine that Plaintiff has demonstrated by a preponderance of the evidence that Plaintiff's termination was motivated by prohibited actions and that Defendant lacked an overriding justification for its actions, then you must find for Plaintiff.

Adapted from O.R.C. §4112.02;
See also Greely v. Miami Valley Maintenance Contractors, Inc., 49 Ohio St. 3d 228, 551 N.E. 2d 981, 987 (1990);
Painter v. Graley, 70 Ohio St. 3d at 384-385.

**Proposed Jury Instruction No. 12.**

## DAMAGES - BACK PAY AND BENEFITS

If you find for Plaintiff on any of her claims, you will determine from the preponderance of the evidence what amount of money, or damages, if any, reasonably will compensate Plaintiff with regard to her claims.

If you find that the Defendant is liable for retaliation or discrimination, you must award the Plaintiff damages for lost back pay. Back pay damages consist of the wages and benefits that the Plaintiff would have received from the date of the adverse employment action until the date of trial.

Any award of back pay and benefits should make the Plaintiff whole, that is, place her in the position she would have occupied but for the retaliation and/or gender or age discrimination. Back pay and benefits awards should completely redress the economic injury the Plaintiff has suffered as a result of the retaliation and/or gender or age discrimination. The Plaintiff therefore should receive her lost salary, including any raises, which she would have received but for the alleged retaliation and/or gender or age discrimination and which she has established by the preponderance of the legal evidence. Back pay should also include any fringe benefits the Plaintiff would have received had the retaliation and/or gender or age discrimination not occurred.

You must also award Plaintiff lost wages if you determine that Defendant violated the Equal Pay Act. For pay violations, you must award Plaintiff an amount equal to the difference between what she earned and what she would have earned but for Defendant's unlawful wage discrimination.

In calculating the amount of back pay and benefits to which the Plaintiff is entitled, any ambiguities in calculating the amount to which the Plaintiff is entitled should be resolved against

13



Adapted from Final Jury Instructions <u>Readnower v. Ionics, Inc.,</u> C-1-01-654 (Weber, J. December 16, 2003); and Final  Jury Instructions in <u>Kish v. Wal-Mart Stores, Inc.,</u> C-1-97-199 (Weber, J. June 16, 2000)


**Proposed Jury Instruction No. 13.**


<u>DAMAGES - FRONT PAY</u>

14

You may award Plaintiff front pay.  Front pay may include the amount Plaintiff reasonably would have earned from the day you return a verdict, until the date you find Plaintiff's loss of front pay will cease.  If you award front pay, you much consider:  the Plaintiff's future in the position from which she was terminated, the Plaintiff's obligation to mitigate damages by seeking other employment, the availability of comparable employment opportunities and the time to reasonably find substitute employment.

If you award Plaintiff front pay, any sums so awarded must be reduced to their present value.  This sum is then to be reduced by the amount you find Plaintiff will be able to earn during that same period.  Any award of front pay you may make is limited to the amount required to place Plaintiff in the position she would have occupied in the absence of retaliation.

If you decide to award front pay to Plaintiff, you must determine the present worth of such an amount, since the award of front pay requires that the payment be made now for the loss that will not actually be sustained until some future date.  Under these circumstances, the law requires an adjustment because the Plaintiff will be reimbursed in advance of her loss and will have the use of money that she would not have received until some future date.

To make a reasonable adjustment for the interest-free, present value of money representing Plaintiff's anticipated future loss, the law requires that you discount, or reduce to its present worth, the amount of the anticipated loss by (1) taking the interest rate of return which Plaintiff could reasonable be expected to receive on an investment on the lump-sum payment, together with the period of time over which the future loss is reasonably certain to be sustained, and (2) deducting from the total amount of anticipated future loss the amount that would reasonably be earned if invested at such rate of interest over such future period of time.  You are to include in your verdict an award for only the present worth - the reduced amount - of the anticipated future loss.

15

Final Jury Instructions <u>Readnower v. Ionics, Inc.</u>, C-1-01-654 (Weber, J. December 16, 2003)

**Proposed Jury Instruction No. 14.**

<u>COMPENSATORY DAMAGES</u>

If you find for Plaintiff on her claims for retaliation and/or gender discrimination you may award such compensatory damages only for injuries that Plaintiff proves by a preponderance of the legal evidence were caused by Defendant's allegedly wrongful conduct. This amount should not include any damages that you determine would constitute lost wages and benefits.

The damages that you award must be fair compensation - no more and no less. You may award damages for any pain, suffering or mental anguish that Plaintiff experienced as a consequence of Defendant's alleged unlawful acts. No legal evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the legal evidence presented at trial.

In determining the amount of any compensatory damages, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the legal evidence.

You may not award damages based on sympathy, speculation or guess work. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

17

You should not interpret the fact that I have given an instruction about compensatory damages as an indication in any way that I believe Plaintiff should, or should not, receive compensatory damages of any kind.

Adapted from Final Jury Instructions <u>Readnower v. Ionics, Inc.,</u> C-1-01-654 (Weber, J. December 16, 2003)

18

**Proposed Jury Instruction No. 15.**

<u>PUNITIVE DAMAGES</u>

If you find for Plaintiff on any of her claims, you may also consider whether you will separately award punitive damages.

Punitive damages may be awarded against Defendant as a punishment to discourage others from committing similar wrongful acts.  You are not required to award punitive damages to Plaintiff, and you may not do so unless you find by clear and convincing evidence that Defendant acted with actual malice or reckless indifference to Plaintiff's known rights.

Actual malice is defined as that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge.

Reckless indifference is defined as a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.

If you award punitive damages, the amount should be fair and reasonable under all the facts and circumstances.  It should not be excessive, nor actuated by passion or prejudice.  The amount of punitive damages rests in the sound judgment of the jury and should be determined from all the evidence in the case.  If no amount is awarded for punitive damages, write the word Anon@ in lieu of an amount in the space provided on the verdict form.

Final Jury Instructions <u>Readnower v. Ionics, Inc.</u>, C-1-01-654 (Weber, J. December 16, 2003)

**Proposed Jury Instruction No. 16.**

19

## CLEAR AND CONVINCING LEGAL EVIDENCE

Clear and convincing legal evidence is more than a preponderance of the legal evidence. It is a degree of certainty that will produce a firm belief or conviction as to the facts sought to be established. Clear and convincing evidence is proof of the facts which is greater than a preponderance of the legal evidence, but not as great as the Aproof beyond a reasonable doubt@ needed to convict someone of a crime.

Final Jury Instructions <u>Readnower v. Ionics, Inc.</u>, C-1-01-654 (Weber, J. December 16, 2003)

**Proposed Jury Instruction No. 17.**

<u>AGE DISCRIMINATION ʙ WILLFUL VIOLATION</u>

If you determine that Plaintiff has met her burden of proving by a preponderance of the legal evidence that age was a motivating or determining factor in the decision not to promote her, then you will proceed to make an additional determination of whether Defendant acted willfully.

Plaintiff bears the entire burden of proving by a preponderance of the legal evidence that Defendant acted willfully.

In order to establish that Defendant acted willfully, Plaintiff must prove by a preponderance of the legal evidence that Defendant knew or showed reckless disregard for whether its conduct was forbidden by the law.

In determining whether Defendant acted willfully, you may consider comments made by Defendant, its acts and omissions, and all of the facts and circumstances.

If you find that Defendant acted with reckless disregard in determining whether or not its actions were prohibited, then you would find that Defendant acted willfully in violating federal age discrimination law.

Final Jury Instructions in <u>Kish v. Wal-Mart Stores, Inc.,</u> (S.D. OH, Weber, J. Case No. C-1-97-199)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | | |
|---|---|---|---|
| DONNA SCOTT | | : | Case No. C-1-02-075 |
| | | : | J. Weber; Mag. J. Hogan |
| | Plaintiff, | : | |
| | | : | |
| v. | | : | **SPECIAL VERDICTS** |
| | | : | |
| THE UNION CENTRAL LIFE | | : | |
| INSURANCE COMPANY | | : | |
| | | : | |
| | Defendant. | : | |

We, the jury, unanimously determine our Special Verdict as follows:

1.      Do you find by a preponderance of the evidence that Defendant retaliated against Plaintiff for her engaging in protected activity?

_____ YES      _____ NO

2.      Do you find by a preponderance of the evidence that Defendant discriminated against Plaintiff on the basis of her gender, female?

_____ YES      _____ NO

3.      Do you find by a preponderance of the evidence that Defendant discriminated against Plaintiff on the basis of her age?

_____ YES      _____ NO

22

4.      If you answered "yes" to Special Verdict Nos. 1, 2, or 3, what amount of money, if any, do you award Plaintiff for lost pay and benefits?

$_____ back pay

$_____ future or front pay

5.      If you answered "yes" to Special Verdict Nos. 1 or 2,  what sum in damages do you find, if any, will fairly compensate Plaintiff for any mental or emotional injury, suffering, humiliation, loss of reputation, embarrassment, or loss of self-esteem caused by Defendant's retaliatory or discriminatory conduct?

$_____ compensatory damages

6.      If you answered "yes" to Special Verdict Nos. 1 or 2, did Plaintiff prove by clear and convincing evidence that Defendant acted with actual malice or with reckless indifference to Plaintiff's known rights in retaliating or discriminating against her?

_____ YES        _____ NO

7.      If you answered "yes" to Special Verdict No. 6, what amount of punitive damages, if any, do you wish to award Plaintiff from Defendant?

$_____ punitive damages

8.      If you answered "yes" to Special Verdict No. 3, did Plaintiff prove by a preponderance of the evidence that Defendant willfully discriminated against her because of her age?

_____ YES        _____ NO

23

9.    Do you find by a preponderance of the evidence that Defendant engaged in unlawful pay discrimination against Plaintiff?

_____ YES        _____ NO

10.    If you answered "yes" to Special Verdict No. 9, what amount of money do you award Plaintiff, if any, for lost pay and benefits?

$_____ back pay and benefits


_____        _____

_____        _____

_____        _____

_____        _____


1048180.1

24