UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DONNA SCOTT, | : | Case No. C-1-02-075 |
| | : | J. Weber; Mag. J. Hogan |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE UNION CENTRAL LIFE | : | **PLAINTIFF'S FIRST SET OF** |
| INSURANCE COMPANY, | : | **SUPPLEMENTAL JURY** |
| | : | **INSTRUCTIONS** |
| Defendant. | : | |

Plaintiff hereby submits supplement jury instructions as to Defendant's liability and Defendant's burden of proof. Pursuant to Fed. R. Civ. P. 51(a), Plaintiff requests that these instructions be given to the jury in the order proposed. Plaintiff reserves the right to modify, delete, or supplement these proposed instructions in the course of trial, or to withdraw any of these instructions in whole or in part at the close of all the evidence.

Some of the instructions have more than one paragraph. If the Court, on proper motion by Defendant, should find one sentence or paragraph in an instruction objectionable, then Plaintiff asks the Court to give the remaining parts of that instruction, or to give Plaintiff the opportunity to revise the instruction.

Respectfully submitted,

 /s/ George M. Reul, Jr.
Randolph H. Freking (#0009158)
George M. Reul, Jr. (#0069992)
Trial Attorneys for Plaintiff
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH  45202
(513) 721-1975\(513) 651-2570 (fax)
randy@frekingandbetz.com

## CERTIFICATE OF SERVICE

      I hereby certify that on August 26, 2004, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/ George M. Reul, Jr.

**Plaintiff's Proposed Supplemental Jury Instruction No. 1.**

## "BREADWINNER" PREFERENCE AS GENDER DISCRIMINATION

It is unlawful for an employer to treat a male employee more favorably than a female employee because of his status as the "breadwinner" of his family and/or because his spouse is a "stay at home" mother. If a female employee has substantially similar or greater responsibilities, experience, and productivity than a male employee, but Defendant treated the male employee more favorably because he was viewed as the "breadwinner," such would constitute unlawful gender discrimination.

Hall v. Ledex, 669 F.2d 397 (6th Cir. 1982)
Meldrum v. RPM, Inc., 1994 U.S. Dist. LEXIS 10493 (W.D. Mich. June 6, 1994)
Costa v. Desert Palace, Inc., 299 F.3d 838 (9th Cir. 2002)

**Plaintiff's Proposed Supplemental Jury Instruction No. 2.**

### EVIDENCE - OTHER VICTIMS NOT NECESSARY

Plaintiff need not prove that any other persons were also victims of sex or age discrimination. Plaintiff may prevail on her claims even if you conclude that other females or other older employees were not victims of discrimination.

**Plaintiff's Proposed Supplemental Jury Instruction No. 3.**

### SIMILARLY-SITUATED - DEFINITION

A similarly-situated employee is one who is similar to the Plaintiff in all relevant aspects of her employment situation.

In order to determine, if an employee is similarly situated to Plaintiff in all relevant aspects, you may consider if they were subject to similar standards and policies, hold the same or similar position, and if they dealt with the same supervisors or managers.

Ercegovich v. Goodyear Tire & Rubber Co. (1998) 154 F.3d 344, 350 (6th Cir.)

**Plaintiff's Proposed Supplemental Jury Instruction No. 4.**

**BACK PAY - DUTY TO MITIGATE**

Defendant has the burden of demonstrating that Plaintiff failed to take reasonable steps to mitigate her damages. In her mitigation efforts, Plaintiff is only required to make reasonable efforts.

If Plaintiff claims that she made a determination that a continuing job search would not be successful, Defendant has the burden to produce evidence to demonstrate that she could have found a substantially equivalent position.

Plaintiff's burden to look for alternative work is not onerous. She is not required to be successful in mitigation. You may consider Plaintiff's circumstances, including her age, her reasonable views on the likelihood of success, her history of success while she searched for other jobs, and the like. Older persons need not exert as much effort as younger persons.

An unemployed Plaintiff is not required to go into another line of work, accept a demotion, or take a demeaning position. However, Plaintiff cannot refuse a job substantially equivalent to the one she was denied.

Substantially equivalent employment must afford the Plaintiff virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status.

Rasimas v. Michigan Dept. of Mental Health, 714 F.2d 614, 624-625 (6th Cir. 1983)