UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DONNA SCOTT, | Civil Action No. C-1-02-075 |
| Plaintiff, | Judge Weber |
| v. | |
| | **DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTIONS** |
| THE UNION CENTRAL LIFE INSURANCE COMPANY, | |
| Defendant. | |

Following the completion of Plaintiff's case-in-chief, Defendant hereby submits supplemental Proposed Jury Instructions for the Court's review.

Respectfully submitted,

/s/ Michael J. Newman
Deborah DeLong (0014174)
Michael J. Newman (0042684)
Dinsmore & Shohl LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
(513) 977-8646 (phone)
(513) 977-8141 (fax)

Trial Attorneys for Defendant,
The Union Central Life Insurance Company

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 27, 2004 a copy of the foregoing was filed electronically and faxed to Plaintiff's counsel, Randolph H. Freking and George M. Reul, Jr. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        /s/ Michael J. Newman
                                        Michael J. Newman (0042684)

## DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 1

## BUSINESS DECISIONS

The law does not prohibit an employer from making employment decisions for reasons other than an employee's age or gender that may appear to you to be contrary to good business judgment. You should not consider whether the reasons given by Union Central for terminating Donna Scott's employment constitute a good or bad business decision. You may not return a verdict for Plaintiff just because you may disagree with Defendant's decision. You must only determine if Union Central discriminated against plaintiff because of her age or gender.

**SOURCE: Judge Sherman Jury Instructions**

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 2**

**EMPLOYMENT TERMINABLE AT WILL**

Under Ohio law, in the absence of a written employment contract with stated terms of duration, an employment relationship is terminable at will by either the employer or the employee. Either party to an at-will employment relationship may terminate the relationship, and the employee is subject to discharge at any time for any reason that is not unlawful.

In this case, Donna Scott claims that her employment was terminated by Union Central for one or more unlawful reasons: age discrimination and/or gender discrimination. Union Central denies these claims. Union Central further contends that it was entitled to terminate Donna Scott's employment because she was terminable-at-will.

**Source:  Henkel v. Educational Research Council**, 344 N.E. 2d 118 (Ohio 1976); **Mers v. Dispatch Printing Co.**, 483 N.E. 2d 150 (Ohio 1985).

## DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 3
## COMPANY ENTITLED TO SAME CONSIDERATION

A mutual company such as Union Central is entitled to the same consideration at your hands as would be given to an individual person.

Companies stand equal with any person before the law, and are to be dealt with as equals in a court of justice.

When a company is involved, it acts only through a natural person as its agent or employees. The acts and declarations of an agent or employee of a company while made acting as the company has authorized -- that is, within the scope of the authority delegated to him by the company -- are deemed by the law to be the acts or declarations of the company.

**Source: Judge Sherman Jury Instructions**

## DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 4
## EMPLOYER'S CREDIBILITY DETERMINATION

The evidence at trial demonstrated that Union Central undertook an investigation into Donna Scott's allegations of discrimination.

If, during such an investigation, there are conflicting versions of relevant events, the employer has the duty and obligation to weigh each employee's credibility. A credibility determination is critical to determine whether or not discrimination has, in fact, occurred.

The credibility determination in Union Central's investigation was made by Connie Retherford.

**Source: EEOC Sex Harassment Guidelines, available at www.eeoc.gov**

## DEFENDANT'S JURY INSTRUCTION NO. 5

## CLAIMS OF THE PARTIES

This is an action in which Plaintiff, Donna Scott, claims she was discriminated against, on the basis of her age and/or her gender, when she was terminated by Defendant Union Central Life Insurance Company in April 2001. Donna Scott further claims that, by so acting, Union Central violated the public policy of the State of Ohio. Donna Scott also claims that she was paid less salary than similarly situated male employees who carried the same workload and she did, and whose job performance was the same as her performance. Donna Scott further contends that her termination constitutes retaliation.

Union Central denies all of these allegations. Union Central claims that Donna Scott's employment was terminable-at-will; that Donna Scott was not retaliated against; that Union Central did not violate public policy; that Union Central terminated Donna Scott because an internal investigation revealed a pattern of her dishonesty; that Donna carried a lighter workload than other employees; and that Donna Scott was not paid less that similarly situated male employees.