UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |
|---|---|
| DONNA SCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNION CENTRAL LIFE<br>INSURANCE COMPANY,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. C-1-02-075<br><br>Judge Weber<br><br>**DEFENDANT'S ONE ADDITIONAL<br>JURY INSTRUCTION** |

Defendant hereby submits one additional Jury Instruction for the Court's review.

                           Respectfully submitted,

                           /s/ Michael J. Newman
                           Deborah DeLong (0014174)
                           Michael J. Newman (0042684)
                           Dinsmore & Shohl LLP
                           1900 Chemed Center
                           255 East Fifth Street
                           Cincinnati, OH 45202
                           (513) 977-8646 (phone)
                           (513) 977-8141 (fax)

                           Trial Attorneys for Defendant,
                           The Union Central Life Insurance Company

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 27, 2004 a copy of the foregoing was filed electronically and faxed to Plaintiff's counsel, Randolph H. Freking and George M. Reul, Jr. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                       /s/ Michael J. Newman
                                                                       Michael J. Newman (0042684)

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION NO. 6**

**UNION CENTRAL'S HONESTLY HELD BELIEF**

If you find that Donna Scott has demonstrated a *prima facie* case of age or gender discrimination, you must next determine whether Union Central has demonstrated a legitimate, non-discriminatory reason for terminating Donna Scott's employment.

If you find that Union Central honestly believed that Plaintiff had engaged in a pattern of dishonest conduct, and that pattern of conduct was the reason for her termination, Donna Scott is prohibited, as a matter of law, from demonstrating that Union Central's stated reason was pretextual, even if that reason turned out later to be mistaken or incorrect.

Union Central does not have the burden to prove that Donna Scott's allegations were untrue. Union Central only has to prove that it honestly believed that her allegations were untrue.

**Source:** *Kurincic v. Stein, Inc.,* No. 00-3747, 2002 U.S.App. LEXIS 2582 (6th Cir. Feb. 14, 2002):

> This court has adopted an "honest belief" rule with regard to an employer's proffered reason for discharging an employee. *Smith v. Chrysler Corp.*, 155 F.3d 799, 806-07 (6th Cir. 1998). Under this rule, so long as an employer honestly believed in **[\*\*10]** its proffered nondiscriminatory reason for discharging an employee, the employee cannot establish that the reason was pretextual simply because it is ultimately shown to be mistaken or incorrect. *Id.* at 806. An employer has an honest belief in its reason for discharging an employee when the employer reasonably relied "on the particularized facts that were before it at the time the decision was made." *Id.* at 807.

*Id.* at *9-10.