## FUNCTION OF THE JURY

Members of the jury, your job as jurors is to determine the issues of fact presented by the claims of the parties and reach a just verdict.

In doing your job, you must follow the law as stated in these instructions and apply these rules of law to the facts you find from the legal evidence.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other issue of law than that given in these instructions, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the legal evidence in the case.

You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the legal evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

Unless otherwise stated, the jury should consider each instruction given to apply separately and individually to each party.

2

## BURDEN OF PROOF

### Preponderance of the Legal Evidence

The person who asserts a claim has the burden of proof -- that is, he or she has the obligation to prove the claim by a preponderance of the legal evidence, unless the Court specifically instructs you otherwise.

Preponderance of the legal evidence is the greater weight of the evidence; that is, legal evidence that you believe because it outweighs or overbalances in your mind the legal evidence opposed to it and because it is more probable, more persuasive, or of greater probative value. It is the quality of the legal evidence that must be weighed. Quality is not necessarily identical with quantity or the greater number of witnesses.

If the weight of the legal evidence is equally balanced or if you are unable to determine which side of an issue has been proved by a preponderance of the legal evidence, the party who has the burden of proof has not established such issue by a preponderance of the legal evidence.

3

## EVIDENCE

Legal evidence is the testimony of witnesses, the exhibits, which you will have with you in the jury room regardless of who may have produced them, and the facts which have been admitted or stipulated.

Once facts have been proved by the preponderance of the legal evidence, you may then draw such reasonable inferences from those facts you feel are justified in the light of your experience.

The legal evidence does not include the exhibits which have not been given to you in the jury room, the opening statements or the closing arguments of counsel. The opening statements and closing arguments of counsel and the exhibits used for demonstrative purposes are designed to assist you. They are not legal evidence.

Statements or answers which were stricken by the Court or which you were instructed to disregard are not legal evidence and must be treated as though you never heard them. Likewise, anything you may have perceived outside the courtroom is not legal evidence and must be entirely disregarded.

4

You must not speculate as to why the Court sustained the objection to any question or what the answer to such question might have been. You must not draw any inference or speculate on the truth of any suggestion included in a question that was not answered. It is the duty of the attorneys on both sides to make their objections and to protect the interest of their clients; you are not to infer in any manner that either side was attempting to withhold any legal evidence from you as a result of objecting to the evidence, whether it was subsequently admitted by the Court or subsequently ruled inadmissible.

You must not draw any inference or speculate on the truth of any suggestion included in a question that was not answered.

If a lawyer asks a witness a question which contains an assertion of fact, you may not consider the assertion of fact as legal evidence of that fact unless adopted or confirmed by the witness. The lawyer's assertions of facts are not legal evidence. The questions of lawyers may be considered, however, to the extent that they give meaning to the answers of the witness.

5

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of legal evidence from which a jury may properly find the truth as to the facts of a case.

Direct evidence is testimony given by a witness who has personal knowledge of the facts to which he or she testifies.

Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may reasonably infer other related or connected facts which naturally and logically follow, according to the common experience of people.

To infer, or to make an inference, is to reach a reasonable conclusion of fact which you may but are not required to make from other facts which you find have been established by direct evidence.  Whether an inference is made rests entirely with you.

You may not build one inference from another inference which is unsupported by any additional facts, but you may make more than one inference from the same facts or circumstances if it is reasonable to do so.  Additionally, you may not draw inferences from a speculative or remote basis that has not been established by the legal evidence.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts in accordance with the legal evidence in the case, both direct and circumstantial.

6

## <u>CREDIBILITY OF WITNESSES</u>

In your effort to determine the facts, you will be faced with the problem of what weight should be given to the testimony of each witness.  You must determine how credible or believable any witness is.  You may believe all that a witness tells you, part of what he or she tells you, or none of what he or she tells you.

Consider carefully the circumstances under which each witness testified. Remember the response to questions, assurance or lack of it in answering, and the entire demeanor or appearance of the witness while on the witness stand. Consider also any relationship that a witness may bear to either side of the case, their reasons for testifying, any interest they may have in the outcome of the case, any prejudice or bias they may have shown, including any reason or motivation to bear hostility or animosity toward any party, and any partiality they may have demonstrated.

In dealing with contradictory testimony, you may consider which testimony is supported or contradicted by the exhibits admitted into legal evidence.

Material inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to discredit that testimony.  In considering the effect of a discrepancy, do not be misled by an unimportant detail, but do consider all discrepancies that relate to matters of importance.  Consider also whether a discrepancy resulted from an innocent error or an intentional falsehood.

7

Keep in mind that two individuals rarely, if ever, describe an incident precisely alike in all minute details; note that one individual rarely, if ever, describes the same incident twice in the same minute detail.

In your daily life, you are constantly determining who is worthy of belief and who is not.  In this case, employ the same tests in determining who is worthy of belief and who is not.  Employ the same tests in determining the weight and credibility, if any, you will assign to the testimony of each witness who testified in this trial.

If you believe that witnesses have been discredited as to a part of their testimony, you may give the balance of their testimony such credence, if any, that you believe it deserves.

8

## IMPEACHMENT

A witness may be discredited or "impeached" by contradictory legal evidence, by a showing that he or she testified falsely concerning a material matter, or by legal evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

In addition, a witness may be discredited or impeached by showing that the witness has made a false statement, whether under  oath or not, in other circumstances in which the witness had a motive to make false statements.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

9

## EXHIBITS

A number of exhibits and testimony related to them have been introduced. You will determine what weight, if any, the exhibits should receive in the light of all the legal evidence.

You may note that some documents have not been introduced and are not exhibits with you in the jury room.  These documents are not relevant to your deliberations and are not legal evidence.

10

## SUMMARIES, CHARTS, AND DIAGRAMS

Summaries, charts or diagrams prepared by a witness or a party and submitted to you in the jury room are received for the purpose of explaining facts disclosed by testimony and other documents which are legal evidence in the case. Such summaries, charts or diagrams, however, are not in and of themselves proof of any facts. If such summaries or charts do not correctly reflect facts or figures shown by the legal evidence in the case, you may disregard them entirely.

11

## NOTE–TAKING

Notes taken by a juror are not legal evidence and therefore are not entitled to any weight in your deliberations.  It is the memory and impressions of each juror as to what the testimony may have been which is important.  Whether you take notes or not, each of you must form and express your own opinion as to the facts of the case from your own memory and recollection of the legal evidence.  It is your collective memory that is important.

Your notes should be used by you only as an aid to your own memory as you discuss the case.  The oral discussions of each juror in the jury room, using his or her own independent recollection of the legal evidence, are entitled to equal weight whether or not that juror took notes.

12

## ALL PERSONS EQUAL BEFORE THE LAW


The fact that Donna Scott is an individual and Union Central Life Insurance Company is a corporation must not enter into or impact your verdict.  This case should be considered and decided by you as an action between persons of equal worth and equal standing in the community.  Both Donna Scott and Union Central Life Insurance Company are entitled to the same fair trial at your hands.   All persons, including corporations such as Union Central Life Insurance Company, stand equal before the law, and are to be dealt with as equals in a court of justice. Sympathy for a party, or prejudice against a party, should play no part in your deliberations or in your decision.

13

## AGENTS

The defendant is a corporation. A corporation can act only through its agents; that is, the people who make up the management of the corporation or others who are agents for the corporation. A supervisor or manager may bind the corporation by actions done while acting within the scope of his/her duties as an employee of the entity.

If you find that members of defendant's management acting within the scope of their employment had knowledge of a particular fact, then you should find that the defendant as a corporation had knowledge of that fact.

14

## **STATEMENT OF THE CASE**

Plaintiff Donna Scott claims that defendant Union Central Life Insurance Company retaliated and discriminated against her when the company terminated her employment on April 17, 2001.

Along with her claims of retaliatory and discriminatory discharge, plaintiff asserts that she was paid less than Dan Woodard for doing substantially similar work in violation of the Equal Pay Act.

Defendant denies that it violated any established law with respect to plaintiff's termination or her employment with defendant.  Rather, defendant asserts that plaintiff was terminated because of an ongoing and repeated pattern of lying and being untruthful to Union Central management.

15

## DISCRIMINATION – AGE AND GENDER

Plaintiff claims that defendant discriminated against her on the basis of her age and gender by treating her less favorably than other younger and/or male employees and terminating her employment because of her age and gender. Plaintiff may establish a claim for gender or age discrimination through circumstantial evidence by showing that:  1) she is a member of the protected class, i.e. female and/or over the age of 40; 2) she suffered an adverse employment action; 3) she was qualified for the position lost; and 4) she was treated less favorably than a similarly–situated employee outside of her protected class.

The Court instructs you that elements one and two are not in dispute and have been established.  If plaintiff proves elements 3 and 4 by a preponderance of the legal evidence, defendant must articulate a legitimate, non–discriminatory reason for plaintiff's termination.  If defendant states such a reason, plaintiff must then establish discrimination by showing that the reason given by defendant is only a pretext, that is not the real reason.  You may conclude that defendant discriminated against plaintiff based on both her age and gender, one of the two, or neither.

16

**PLAINTIFF'S BURDEN OF PROOF:**

**DISPARATE TREATMENT CLAIM**

To prevail on a claim of intentional discrimination, plaintiff must prove by a preponderance of the legal evidence that defendant had a reason or motive to discriminate against her.   Plaintiff must prove, either directly or indirectly, that there is evidence of intentional discrimination.  Direct evidence would include oral or written statements showing a discriminatory motivation for the defendant's termination of plaintiff.  Indirect or circumstantial evidence would include proof of a set of circumstances that would allow one to reasonably believe that sex or age was a motivating factor in the defendant's termination of plaintiff.

17

## "MOTIVATING FACTOR" – DEFINITION

A motivating factor is an important or significant reason for doing something.

A motivating factor is one that caused the reaching of a decision.

Plaintiff need not show that her age or gender was the sole or exclusive factor in defendant's decision to terminate her employment. There may have been more than one factor that motivated the defendant. Plaintiff must prove by a preponderance of the legal evidence that one such factor was her age/gender and that factor made a difference in the decision to terminate plaintiff's employment.

The plaintiff is not required to produce direct evidence of unlawful motive. Intentional discrimination, if it exists, is seldom admitted, but is a fact which may be inferred from the existence of other legal evidence.

18

## SIMILARLY-SITUATED – DEFINITION

A similarly-situated employee is one who is similar to the plaintiff in all relevant aspects of his/her employment situation.

19

## **RETALIATION**

It is unlawful for an employer to terminate an employee because she has opposed unlawful employment discrimination.  In order to establish a claim for retaliation for opposing unlawful employment discrimination, plaintiff must prove:

1) that she engaged in protected activity;

2) that defendant knew she engaged in protected activity;

3)  that she was the subject of an adverse employment action by defendant at the time or after plaintiff engaged in the protected activity;  and

4)  that a causal link or connection existed between the protected activity and the defendant's adverse employment action.

20

## **PROTECTED ACTIVITY**

Protected activity includes complaining about possible discriminatory treatment or conduct or filing a charge of discrimination with the Ohio Civil Rights Commission or the Equal Employment Opportunity Commission.

To establish her retaliation claim, the plaintiff need not prove the merits of the underlying discrimination complaint.  The plaintiff need only establish that she had a reasonable and good faith belief that her employer engaged in unlawful employment discrimination.

21

## CAUSAL CONNECTION

In order to establish a causal connection between protected activity and termination of her employment, plaintiff must prove by a preponderance of the legal evidence that her termination was motivated by her engagement in protected activity.

Evidence that defendant treated plaintiff differently from similarly-situated employees or that the adverse action was taken shortly after plaintiff's exercise of protected rights may be considered with all of the legal evidence in the case in your determination of this issue.

The plaintiff need not prove that the sole purpose of the termination of her employment was because she engaged in protected activity. It is sufficient for plaintiff to prove that her engaging in protected activity was a motivating factor in the termination of her employment. Retaliation is not a motivating factor if plaintiff would have been terminated without it.

22

## DEFENDANT'S STATED LEGITIMATE REASONS

At all times the burden of proof remains with the plaintiff to convince you by a preponderance of the legal evidence that her age, gender or protected activity was a motivating factor in the defendant's decision to terminate her employment. In determining whether the plaintiff has met her burden of proof, you are to take into consideration the reasons given by the defendant for its actions. The plaintiff can only carry her burden of proof by proving that her age, gender or protected activity was a motivating factor in the defendant's decision to terminate her employment, notwithstanding the defendant's stated reasons. Plaintiff may show this by demonstrating that the reasons offered by the defendant were not the true reasons, but were a pretext for its actions.

23

## BUSINESS DECISIONS

Under Ohio law, in the absence of a written employment contract with stated terms of duration, an employment relationship is terminable at will by either the employer or the employee. Either party to an at–will employment relationship may terminate the relationship and the employee is subject to discharge at any time for any reason that is not unlawful.

An employer is entitled to make business decisions. A business decision can be based on subjective evaluations of an employee's conduct and/or performance, and making such evaluations does not automatically subject the employer to liability, nor does it automatically insulate the employer from liability.

You may consider the reasonableness or lack of reasonableness of defendant's stated business judgment along with all the other legal evidence in determining whether defendant terminated plaintiff because of her age, gender or protected activity.

As long as an employer has an honest, reasonable belief in its stated legitimate reason for discharging an employee, the employee cannot establish that the reason was pretextual simply because it is ultimately shown to be incorrect.

24

You should not consider whether the reasons given by defendant for terminating plaintiff's employment constitute a good or bad business decision. You may not return a verdict just because you may disagree with defendant's decision. You must only determine whether plaintiff's age, gender or protected activity was a motivating factor in defendant's decision to terminate her employment.

25

## EMPLOYER'S CREDIBILITY DETERMINATION

The legal evidence at trial demonstrated that defendant undertook an investigation into plaintiff's allegation of discrimination.

If, during such an investigation, there are conflicting versions of relevant events, the employer has the duty and obligation to weigh each employee's credibility.

The credibility determination in defendant's investigation was made by Connie Retherford.

26

## **"PRETEXT" – DEFINITION**

A "pretext" is a fictitious reason advanced to conceal a real one.

There are different ways plaintiff can establish "pretext" and have sufficient proof of age discrimination, gender discrimination and/or retaliation. Plaintiff may show that the discriminatory reason (e.g., age, gender and/or retaliation) actually was the reason for defendant's actions, notwithstanding the stated reason, or plaintiff can establish pretext by showing that the stated reason had no basis in fact, did not actually motivate the defendant's decision, or was insufficient to motivate the decision.

If plaintiff establishes pretext by a preponderance of the legal evidence, you may conclude that her age, gender or protected activity was a motivating factor in the decision to terminate her employment.

If plaintiff failed to establish pretext by the preponderance of the legal evidence, you may conclude that her age, gender or protected activity was not a motivating factor in the decision to terminate her employment.

27

## EQUAL PAY ACT

Plaintiff also alleges that during her employment, defendant unlawfully paid her less than Dan Woodard for doing substantially similar work in violation of federal and state law.  Plaintiff may establish a case of pay discrimination by showing that defendant paid her less than Dan Woodard for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.  Jobs need not be identical in order to constitute equal work.  Rather, it is only necessary that there exists substantial equality of skill, effort, responsibility and working conditions.  Whether the work of two employees is substantially equal must be resolved by an overall comparison of the work, not its individual segments.

If plaintiff establishes that she was paid less than Dan Woodard for equal work, the defendant must prove by a preponderance of the legal evidence that the pay differential is justified under one of four affirmative defenses: (1) a seniority system; (2) a merit system; (3) a system which measures earnings by quantity or quality of production; or (4) any other factor other than sex.

28

## PREFACE TO INSTRUCTION ON DAMAGES

The fact that I instruct you on the proper measure or amount of damages should not be considered as an indication of any view of mine as to what your verdict in this case should be.  Instructions as to the measure of damages are given only for your guidance.

29

## DAMAGES – INTRODUCTION

You may determine from the evidence what sum of money, if any, will adequately compensate the plaintiff.  You are not to award any damages unless the plaintiff has  established by a preponderance of the legal evidence that the damage was directly caused by any unlawful acts of the defendant.

30

## <u>DAMAGES – BACK PAY AND BENEFITS</u>

If you find for plaintiff on any of her claims, you may determine from the preponderance of the legal evidence what amount of money or damages, if any, reasonably will compensate plaintiff with regard to her claims.

You may award plaintiff back pay damages.  Back pay damages consist of the wages and benefits that the plaintiff would have received from the date of her discharge until the date of trial.

Any award of back pay and benefits should make the plaintiff whole, that is, place her in the position she would have occupied but for the retaliation and/or gender or age discrimination.  Any back pay and benefits award should completely redress the economic injury the plaintiff has suffered as a result of the retaliation and/or gender or age discrimination.  The plaintiff therefore should receive her lost salary, including any raises, which she would have received but for the alleged retaliation and/or gender or age discrimination and which she has established by the preponderance of the legal evidence.  Back pay should also include any fringe benefits the plaintiff would have received had the retaliation and/or gender or age discrimination not occurred.

From any back pay award you determine is appropriate, you should subtract the total amounts, if any, plaintiff has earned in wages, earnings or other income and benefits from the date of her discharge to the date of trial.

31

If you determine that defendant violated the Equal Pay Act, you may award plaintiff an amount of money equal to the difference between what she earned and what she would have earned but for defendant's unlawful wage discrimination.

32

## MITIGATION OF DAMAGES

The plaintiff has a duty under the law to "mitigate" her economic damages – that is, she has a responsibility to exercise reasonable efforts to seek and obtain substantially equivalent employment in a related field. The plaintiff must take reasonable steps to search for employment which is substantially equivalent to the job she held. Substantially equivalent employment must afford plaintiff the virtually identical promotional opportunities, compensation, job responsibilities, working conditions and status. If you find that the plaintiff failed to seek out, or adequately take advantage of, substantially equivalent employment opportunities that were available to her, then you must reduce her damages by the amount she reasonably could have earned if she had sought out or taken advantage of such opportunities.

The burden is on the defendant to prove by a preponderance of the legal evidence that plaintiff did not make reasonable efforts to continue working or to seek other employment and that it was more likely than not that she might have found substantially equivalent employment if she had done so.

If you find that plaintiff did not make reasonable efforts to seek substantially equivalent employment, then the amount she might have earned will be deducted from any damages awarded to plaintiff.

33

## COMPENSATORY DAMAGES

If you find for plaintiff on her claims for retaliation and/or intentional discrimination, you may award compensatory damages only for injuries that plaintiff proves by a preponderance of the legal evidence were caused by defendant's allegedly wrongful conduct.

The damages that you award, if any, must be fair compensation – no more and no less. You may award damages for any pain, suffering or mental anguish that plaintiff experienced as a consequence of defendant's alleged unlawful acts. No legal evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the legal evidence presented at trial.

In determining the amount of any compensatory damages, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the legal evidence.

You may not award damages based on sympathy, speculation or guess work. On the other hand, the law does not require that plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

34

## DAMAGES – FRONT PAY

You may award plaintiff front pay.  Front pay may include the amount plaintiff reasonably would have earned from the date you return a verdict until the date you find plaintiff's loss of front pay will cease.  If you award front pay, you must consider the plaintiff's future in the position from which she was terminated, the plaintiff's obligation to mitigate damages by seeking other employment, the availability of comparable employment opportunities and the time to reasonably find substitute employment.

If you award plaintiff front pay, any sums so awarded must be reduced to their present value.  This sum is then to be reduced by the amount you find plaintiff will be able to earn during the same period for which an award of front pay is made.  Any award of front pay you may make is limited to the amount required to place plaintiff in the position she would have occupied had she not been terminated.

If you decide to award front pay to plaintiff, you must determine the present worth of such an amount, since the award of front pay requires that the payment be made now for the loss that will not actually be sustained until some future date. Under these circumstances, the law requires an adjustment because the plaintiff will be reimbursed in advance of her loss and will have the use of money that she would not have received until some future date.

35

To make a reasonable adjustment for the interest-free, present value of money representing Plaintiff's anticipated future loss, the law requires that you discount, or reduce to its present worth, the amount of the anticipated loss by (1) taking the interest rate of return which Plaintiff could reasonable be expected to receive on an investment on the lump-sum payment, together with the period of time over which the future loss is reasonably certain to be sustained, and (2) deducting from the total amount of anticipated future loss the amount that would reasonably be earned if invested at such rate of interest over such future period of time. You are to determine an award for only the present worth – the reduced amount – of the anticipated future loss.

36

## PUNITIVE DAMAGES

In addition to the damages explained in the other instructions, the law permits, but does not require, the jury under certain circumstances to award the plaintiff punitive damages in order to punish the defendant and to serve as an example or warning to others not to engage in such conduct.

Even if you find that the defendant intentionally discriminated against the plaintiff on the basis of her age or gender or that the defendant retaliated against the plaintiff, the plaintiff is not necessarily entitled to punitive damages. Punitive damages are available only when defendant's conduct was motivated by evil motive or intent, or when it involves reckless or callous indifference or disregard for plaintiff's protected rights.

Evil motive or malice means an intent to harm, and reckless means serious disregard for the consequences of one's actions. Thus, you cannot award punitive damages unless you find that defendant acted with an intent to harm plaintiff or defendant had serious disregard for the consequences of its actions with respect to plaintiff's protected rights.

37

## CLEAR AND CONVINCING LEGAL EVIDENCE

Plaintiff must prove that she is entitled to punitive damages by clear and convincing legal evidence. Clear and convincing legal evidence is more than a preponderance of the legal evidence. It is a degree of certainty that will produce a firm belief or conviction as to the facts sought to be established. Clear and convincing evidence is proof of the facts which is greater than a preponderance of the legal evidence, but not as great as the "proof beyond a reasonable doubt" needed to convict someone of a crime.

38

## WILLFUL VIOLATION

If you determine that plaintiff has met her burden of proving by a preponderance of the legal evidence that age was a motivating factor in the decision to discharge her and/or that defendant violated the Equal Pay Act, then you will proceed to make an additional determination of whether defendant acted willfully.

Plaintiff bears the entire burden of proving by a preponderance of the legal evidence that defendant acted willfully.

In order to establish that defendant acted willfully, plaintiff must prove by a preponderance of the legal evidence that defendant knew or showed reckless disregard for whether its conduct was forbidden by the law.

In determining whether defendant acted willfully, you may consider defendant's acts and omissions under all of the facts and circumstances.

39

## NO DOUBLE RECOVERY

Even though plaintiff is claiming damages under several different legal theories, she may have only one recovery.  That is, plaintiff cannot recover double or triple damages.  Therefore, if you should find that plaintiff is entitled to damages, you may not multiply the amount because there are several different claims.

40

## ATTORNEY'S FEES

A successful plaintiff under the laws may recover reasonable attorney's fees and costs. The Court will add the fees to any amount which you may award to the plaintiff. For that reason, I instruct you that, in the event you award damages to the plaintiff, you should not adjust the award based upon a concern that plaintiff will be required to use some portion of that award to pay her attorney's fees.

41

## <u>VERDICT FORM</u>

You will have with you in the jury room the following Special Verdicts.  No inference is to be drawn from the way I read the forms and you must unanimously agree upon your verdict.

42

## CLOSING REMARKS

Nothing that I have said in these instructions and nothing in the manner in which the Special Verdicts have been prepared or explained to you is intended to suggest or convey in any way a result I think you should reach as this is the exclusive duty and responsibility of the jury. I state to you categorically that the Court has no opinion as to the disputed facts of this case, or the propriety of any verdict you may return.

I cannot embody all the law in any single part of these instructions. In considering one portion, you must consider it in the light of and in harmony with all the instructions.

I have instructed you on all the law necessary for your deliberations. Whether certain instructions are applicable may depend upon the conclusions you reach on the facts.

It is your duty, as jurors, to confer with one another, and to deliberate with a view to reaching an agreement, if you can do so without doing violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of all the legal evidence in the case with other jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if you are convinced it is erroneous.

Do not surrender your honest conclusion as to weight or effect of the legal

43

evidence, however, solely because of the opinion of other jurors, or for the mere purpose of returning a verdict.

Remember always that you are not partisans. You are judges--impartial triers of the facts. Your sole interest is to ascertain the truth from the legal evidence in the case.

Do not take a firm position at the outset and then be too proud to change your position if you become convinced that your position is wrong.

You must not be influenced by any consideration of sympathy or prejudice. It is your duty to carefully weigh the legal evidence, to decide all disputed questions of fact, to apply these instructions to your findings, and to render your verdict accordingly. In fulfilling your duty, your efforts must be to arrive at a just verdict. Consider the legal evidence and make your findings with intelligence and impartiality, and without bias, sympathy or prejudice, so that the litigants will feel that their case was fairly and impartially tried. If, during the course of the trial, I said or did anything which you consider an indication of my view on any disputed fact, you are instructed to disregard it because only you, the Jury, determine such matters.

If during your deliberations you wish to communicate with me, please put your communication in writing and give it to the Courtroom Deputy who will deliver it to me.

44

The Court will place in your possession the exhibits, the Special Verdicts and a copy of these instructions.

Upon retiring to the jury room, you will select one of you to act as your foreperson.  The foreperson will retain possession of these records and return them to the courtroom.  The foreperson will see that your discussions are orderly and that each juror has the opportunity to discuss the case and to cast his or her vote; otherwise, the authority of the foreperson is the same as any other juror.

Until your verdict is announced in open court, you are not to disclose to anyone else the status of your deliberations or the nature of your verdict.  When you arrive at a unanimous verdict – that is whenever all of you agree upon a verdict – you will sign the Special Verdicts in ink and notify the Courtroom Deputy.  You will then be returned to the courtroom.

J:\DOCUMENT\CHARGES.CIV\DONNA SCOTT\5th draft.wpd