UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DONNA SCOTT, | : | Case No. C-1-02-075 |
| | : | J. Weber |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE UNION CENTRAL LIFE | : | |
| INSURANCE COMPANY, | : | **PLAINTIFF'S RENEWED MOTION** |
| | : | **FOR JUDGEMENT AS A MATTER** |
| Defendant. | : | **OF LAW** |
| | : | |

Under Fed. R. Civ. P. 50(b), Plaintiff Donna Scott renews her Motion for Judgment as a Matter of Law with respect to her retaliation claims because the evidence at trial, in particular the admissions of Defendant's managers, established that Defendant Union Central terminated Plaintiff because she engaged in protected activity. At a minimum, Plaintiff's protected activity was a motivating factor in the decision. Therefore, if the jury had followed this Court's instructions, the jury could not have found in favor of Defendant on retaliation. Plaintiff respectfully requests that this Court enter judgment as a matter of law in her favor on retaliation or, in the alternative, order a new trial. A Memorandum in Support of this renewed Motion is attached along with the pages of the trial transcript referenced in the Memorandum.

Respectfully submitted,


 /s/ George M. Reul, Jr.
George M. Reul, Jr., Esq. (#0069992)
Randolph H. Freking, Esq. (#0009158)
Trial Attorneys for Plaintiff
FREKING & BETZ
215 East Ninth Street Fifth Floor
Cincinnati, OH  45202
(513) 721-1975\(513) 651-2570 (fax)
greul@frekingandbetz.com

**MEMORANDUM IN SUPPORT**

**I.  INTRODUCTION**

    This case proceeded to trial on August 23, 2004.  The jury heard evidence until August 26.  On August 27, at the close of the evidence, Plaintiff moved this Court for judgment as a matter of law on her retaliation claim.  The jury heard closing arguments and returned its verdict against Plaintiff and in favor of Defendant on August 30.  Final Judgment was entered on August 31.  In accordance with Fed. R. Civ. P. 50(b), Plaintiff renews her motion for judgment as a matter of law with respect to her retaliation claim.[1]  Judgement as matter of law is appropriate because Defendant admitted through the testimony of its management, including Rebecca Deppen and Richard Pretty, that Plaintiff's protected activity was a motivating factor in her discharge.  Therefore, no reasonable jury could have returned a verdict against Plaintiff on her retaliation claim and judgment as a matter of law is appropriate.  In the alternative to entering a judgment in favor of Plaintiff, she requests that this Court order a new trial with respect to her retaliation claim.

**II.  ARGUMENT**

    **A.  Legal Standard**

    The standard for a Judgment as a Matter of Law under Rule 50 mirrors the standard for granting summary judgment under Rule 56.  <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 130, 150 (2000) Therefore, in evaluating Plaintiff's Motion, this Court must view

---

[1] Plaintiff's Complaint includes causes of action for retaliation under Title VII, the ADEA, and O.R.C. § 4112.  However, the standard of proof, instructions to the jury, and evidence presented under each of these statutes was the same.

1

the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in Defendant's favor. Id. If the Court finds no legally sufficient evidentiary basis for the jury to have found for Defendant, entry of judgment as a matter of law is appropriate. Fed. R. Civ. P. 50(a).

> B. **Plaintiff Is Entitled To Judgment As A Matter Of Law Because Following The Instructions Of The Court No Reasonable Jury Could Have Returned A Verdict Against Plaintiff On Her Claim Of Retaliation.**

Plaintiff is entitled to judgment as a matter of law on her retaliation claim because at least two of Defendant's managers admitted that Plaintiff's complaints of discrimination were a motivating factor in the decision to fire her. Based on that evidence, no reasonable jury could have returned a verdict against Plaintiff on her retaliation claim.

The jury was instructed that "[a] motivating factor is an important or significant reason for doing something." Jury Inst. at p. 17. To establish that retaliation was a motivating factor Plaintiff was simply required to show that retaliation was a "factor that made a difference in the decision to terminate plaintiff's employment." Id. With respect to establishing her retaliation claim:

> The plaintiff need not prove that the sole purpose of the termination of her employment was because she engaged in protected activity. It is sufficient for plaintiff to prove that her engaging in protected activity was a **motivating factor** in the termination of her employment.

Jury Inst. at p. 21 (emphasis added).

At trial there was no legitimate dispute that Plaintiff established the first three elements of her retaliation claim: (1) that she engaged in protected activity; (2) that Defendant knew she engaged in protected activity; (3) that she was the subject of adverse employment action by

2

Defendant at the time or after Plaintiff engaged in the protected activity. See Jury Inst. at p. 19; See also, e.g., Wrenn v. Gould, 808 F.2d 493, 500 (6th Cir. 1987). Therefore, following the Court's instructions, the jury was required to consider whether Plaintiff had established a causal connection between her protected activity and her discharge a few weeks later. Id. It is undisputed that temporal proximity existed between her written complaints of discrimination on February 5 and March 6 and her discharge a few weeks later in April 2001. A causal connection between one act and an adverse action by an employer can be established by showing that the adverse action occurred sufficiently close in time to the protected act to raise an inference of retaliation. See Canitia v. Yellow Freight System, Inc., 903 F.2d 1064 (6th Cir. 1990); Moon v. Transport Drivers, Inc., 836 F.2d 226, 229 (6th Cir. 1986); See also Harrison v. Metro Gov't of Nashville and Davidson Cty., TN, 80 F.3d 1107, 1118-9 (6th Cir. 1996) (holding the passage of 15 months was sufficient to establish causation); Willie v. Hunkar Laboratories, Inc., 132 Ohio App. 3d 92, 108 (1st Dist. 1998). More importantly, the admissions of Annuity Manager Rebecca Deppen and Vice President Richard Pretty establish that Plaintiff's complaints of discrimination "made a difference in the decision to terminate her employment."

   Ms. Deppen testified that Mr. Pretty told her the reason why he fired Plaintiff and admitted on cross examination that the basis for her discharge included Plaintiff's allegations of discrimination:

   Q.   Okay. What is you understanding of the reason for her termination?

   A.   For the dishonesty aspect of making false claims against me, telling the division – or telling him that I told the division to lie on a regular basis, and **that I was personally discriminating against her.**

(Tr. Transcript 8/25/04 p. 54)(emphasis added)(attached).

In that response, Defendant's manager admitted that Plaintiff's protected activity, the allegation of discrimination, was a reason for her discharge. Upon further cross examination, Ms. Deppen reluctantly admitted that her prior sworn testimony was that Plaintiff was discharged because of her February 5 and March 6 letters:

> Q. Is it fair to say, ma'am, when you were in the deposition you said that the reason for her termination was accusations that she made in those two letters?
>
> A. Yes.
>
> Q. All right. And the accusations that she made in those two letters were that you were discriminating against her on the basis of her age and gender?
>
> A. Yes.

Id. at 56. Deppen further admitted that the February 5 and March 6 letters were clearly complaints of employment discrimination. Id. at 60. Finally, she conceded that at least two other employees had the same belief as Plaintiff that Ms. Deppen had told them to lie. Id. at 59. Based on this evidence, no reasonable jury could have returned a verdict against Plaintiff on retaliation.

In addition to Deppen's admissions, Mr. Pretty also admitted that Plaintiff was fired for her allegations against Deppen. (Tr. Transript 8/26/04 at p. 206)(attached). Under established law, the fact that Defendant claimed that Deppen did not discriminate or that the jury found against Plaintiff on her gender and age claims does not decide whether Plaintiff established her retaliation claim. The Plaintiff may prevail on a retaliation claim even if the Court determines that the Plaintiff's underlying discrimination claim fails. Plaintiff need only have a good faith belief that the claim is valid in order to be provided protection under Title VII. See Booker v. Brown & Williamson, 879, F.2d 1304 (6th Cir. 1989).

4

The jury was properly instructed that "plaintiff need not prove the merits of the underlying discrimination complaint. The Plaintiff need only establish that she had a reasonable and good faith belief that her employer engaged in unlawful employment discrimination." Jury Instr. at p. 20. The evidence at trial, including the testimony of Anne Leung, Donna Anderson, Plaintiff, and the documentary evidence from the investigation of other females who were concerned that males were favored was sufficient to conclusively establish good faith. Indeed, Pretty admitted on cross that there was at least a perception among some female employees that males were being treated differently:

> Q. Because of the perception of the female – some female employees that there was some discrimination going on?
>
> A. The perception that apparently some males were being treated differently, yes.

(Tr. Transcript p. 207).

Pretty also acknowledged that Deppen knew why Plaintiff was fired. Id. at 211. More importantly his testimony confirms Deppen's admissions that Plaintiff's protected complaint of discrimination against Deppen was a basis for Plaintiff's termination. Id. at 217-18. On direct examination Pretty made this admission:

> Q. Okay. Tell me what was discussed in that meeting, specifically what Mrs. Scott said that caused you some concern.
>
> A. Well, the specific allegations about, you know, her manager's dishonesty, her manager told the department to lie, the manager told Eddie to lie, **and the allegation of harassment and discrimination within the department.**

Id. at 218 (emphasis added).

It is anticipated that Defendant will argue that because some non-retaliatory reasons for Plaintiff's discharge were offered, that judgment as matter of law is not appropriate. However, in

5

this case where it was admitted that Plaintiff's protected activity was a factor in the discharge, Defendant cannot avoid liability and the jury could not have properly returned a verdict against Plaintiff on her retaliation claim if the instructions of the Court were followed. Defendant did not prove and the jury could not have reasonably concluded that the same decision would have been made absent Plaintiff's protected activity. Pretty and Deppen's testimony establish that as a matter of law, but for her protected activity, Plaintiff would not have been discharged. Despite Defendant's and Deppen's repeated attempts to establish performance as a possible basis, Pretty admitted "Her performance problems did not play – that was not the reason she was terminated." (Tr. Transcript at p. 217). Any alleged performance problems were addressed in the "for the record." Id. Not only were the performance problems addressed, but the alleged dishonesty with respect to the solicitation letters was also addressed in the "for the record." Both Deppen and Pretty admitted that after February 5, Plaintiff did not have any performance issues and she did not send any letters to clients as she had been instructed not to do. (Tr. Transcript at pp. 149, 160, 195-96). Based on this evidence, and the admissions that her protected activity was a factor in her discharge, no reasonable jury could have returned a verdict against Plaintiff if they were following the law and the jury instructions given. Deppen and Pretty's testimony established that Plaintiff's protected activity made a difference in the decision to fire her. Therefore, Plaintiff established unlawful retaliation and is entitled to judgment as a matter of law.

### III. CONCLUSION

For each and all the foregoing reasons, Plaintiff is entitled to judgment as a matter of law on her claim of retaliation. She respectfully requests that this Court direct entry of judgment as a

matter of law in her favor under rule 50(b)(1)(C) and award her all relief to which she is entitled based on the evidence presented at trial including: lost pay and benefits, future pay and benefits, compensatory damages, and attorneys' fees and costs.  In the alternative, Plaintiff requests that this Court order a new trial on her retaliation claim under Rule(b)(1)(B) or Rule 59.  Defendant's management admitted that Plaintiff's protected activity was a motivating factor in her discharge.  Accordingly, the jury should have returned a verdict in her favor.  Plaintiff respectfully renews her motion for judgment as a matter of law.

                Respectfully submitted,

/s/ George M. Reul, Jr.
George M. Reul, Jr., Esq. (#0069992)
Randolph H. Freking, Esq. (#0009158)
Trial Attorneys for Plaintiff
FREKING & BETZ
215 East Ninth Street Fifth Floor
Cincinnati, OH  45202
(513) 721-1975\(513) 651-2570 (fax)
greul@frekingandbetz.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2004, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system.  Parties may access this filing through the Court's System.

/s/ George M. Reul, Jr.