UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONNA SCOTT,

            Plaintiff,

    v.                                         Case No. C-1-02-75

THE UNION CENTRAL
LIFE INSURANCE COMPANY,

            Defendant.

## ORDER

This matter is before the Court upon plaintiff's renewed motion for judgment as a matter of law (doc. 80), which defendant opposes (doc. 81).

This case was tried to a jury over the course of five days. At the close of the evidence, plaintiff moved the Court for judgment as a matter of law on her retaliation claim. The Court allowed the retaliation claim and several other claims to go to the jury. The jury rendered its verdict (doc. 68). The jury determined that plaintiff had failed to prove by a preponderance of the legal evidence (1) that defendant retaliated against plaintiff for engaging in protected activity, (2) that defendant discriminated against plaintiff on the basis of her gender, (3) that defendant discriminated against plaintiff on the basis of her age, or (4) that defendant engaged in unlawful pay discrimination against plaintiff. The Court issued a judgment in favor of defendant and against plaintiff on all of her claims (doc. 69).

Plaintiff filed her renewed motion for judgment as a matter of law on her retaliation claim on September 15, 2004. Plaintiff claims that the evidence at trial, and in particular the admissions of defendant's managers, established that defendant terminated plaintiff's employment because she engaged in protected activity.  Plaintiff further contends that evidence presented at trial that other females in defendant's organization believed males were being treated differently was "sufficient to conclusively establish" that plaintiff had a good faith belief that defendant engaged in unlawful employment discrimination (doc. 80, p. 5). Plaintiff argues that in light of the evidence, no reasonable jury following the law and the jury instructions given by the Court could have returned a verdict against plaintiff. Plaintiff therefore contends that she is entitled to judgment in her favor on the retaliation claim. In the alternative, plaintiff requests the Court to order a new trial on that claim.

In response, defendant argues that plaintiff has mischaracterized testimony.  Defendant contends that the evidence before the jury did not suggest that plaintiff's complaints of discrimination were a motivating factor in defendant's decision to terminate her employment.

Fed. R. Civ. P. 50(a)(1) provides as follows:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

The Court may not grant a motion for judgment as a matter of law "unless reasonable minds could not differ as to the conclusions to be drawn from the evidence." ***Paschal v. Flagstar Bank,***

295 F.3d 565, 582 (6th Cir. 2002)(citing *McJunkin Corp. v. Mechanicals, Inc.,* 888 F.2d 481, 486 (6th Cir. 1989)). The Court may not "weigh the evidence, pass on the credibility of witnesses, or substitute its judgment for that of the jury." *Id.* (citing *Toth v. Yoder Co.,* 749 F.2d 1190, 1194 (6th Cir. 1984)). The court must instead view the evidence in the light most favorable to the successful party, drawing from the evidence all reasonable inferences in that party's favor. *Id.*

The Court agrees with defendant that plaintiff has mischaracterized testimony. The decision-maker clearly testified that he terminated plaintiff because of a pattern of dishonesty and false accusations against members of management, not in retaliation because of her request for an investigation, objections to her reprimand, and other complaints. The decision-maker also testified that plaintiff's request for an investigation, her complaints, and her objections to her reprimand were not a motivating factor in defendant's decision to terminate her employment. The jury was entitled to credit the testimony of the decision-maker. It is clear from his testimony and the other evidence presented at trial that it was plaintiff who insisted on a complete investigation of her employment situation, and there is substantial evidence to support a conclusion that plaintiff was dishonest and made false claims and accusations against other employees to her superiors during the time they were conducting the investigation and that additional evidence of her dishonesty was discovered during the investigation. The jury's determination that the articulated business reasons given by the employer were justification for terminating her employment is also supported by the evidence presented at trial. Thus, because there is a legally sufficient evidentiary basis for a reasonable jury to find in defendant's favor on plaintiff's retaliation claim, plaintiff is not entitled to judgment as a matter of law or to a new trial on that claim. *See Anchor v. O'Toole,* 94 F.3d 1014, 1021 (6th Cir. 1996).

In accordance with the foregoing, plaintiff's renewed motion for judgment as a matter of law or for a new trial is **DENIED**. The matter is terminated on the docket of this Court.

**IT IS SO ORDERED.**

S/ Herman J. Weber<br>
Herman J. Weber, Senior Judge<br>
United States District Court

J:\HJWA\02-75.jmolPUB.wpd